The Borough of Darby et al., Appellants *v.* Paul J. Coleman, Appellee.

Argued October 5, 1979, before Judges ROGERS, BLATT and CRAIG, sitting as a panel of three.

*Peter J. Nolan,* for appellants.

*Thomas L. Kelly,* with him *Eckell, Sparks, Vadino, Auerbach and Monte,* for appellee.

Opinion by Judge Rogers, October 26, 1979:

The Borough of Darby (Borough) has appealed from an order of the Court of Common Pleas of Delaware County ordering reinstatement with back pay of Paul J. Coleman as Chief of Police of the Borough. The order of the court below reversed the decision of the Borough Council discharging Coleman which had been upheld, after hearing, by the Darby Borough Police Civil Service Commission.

Coleman was dismissed pursuant to Section 1190 of The Borough Code, Act of February 1, 1966, P.L. (1965) 1656, *as amended,* 53 P.S. §46190, which provides in part that a police officer may be removed for "(2) [n]eglect . . . of any official duty" and "(4) [i]nefficiency, neglect, intemperance, immorality . . . or conduct unbecoming an officer." Specifically, Coleman was charged with (1) directing profane and insulting language toward a subordinate, after indulging in strong drink; (2) failing to initiate a criminal complaint when circumstances called for such action; (3) failing to assist a fellow officer after informing that officer that he would assist; and (4) engaging in a relationship with a woman other than his wife. The

Commission found that Coleman was guilty of all charges, that he had violated the Act of February 1, 1966, and that he had in addition violated certain provisions of a Borough ordinance also regulating police conduct. The Civil Service Commission also found, *sua sponte,* that Coleman had violated provisions of the same Borough ordinance not described in the charges upon which the action was originally based. Upon appeal, the Court of Common Pleas of Delaware County, without taking any additional evidence, reversed the Commission and ordered Coleman reinstated with full back pay.

The Borough contends on this appeal that the court below exceeded its scope of review of the Commission's decision by making an independent examination of the record and making findings of fact which, in effect, substituted its judgment for that of the Commission. The Commission claims that there is substantial evidence in the record to support its findings. Coleman, on the other hand asserts that the evidence of record does not support the Commission's findings and further argues that any reliance by the Commission upon the Borough's ordinance regulating police conduct is unconstitutional as an *ex post facto* application of law, since the ordinance in question was not enacted until a date after his allegedly improper conduct had occurred.

Our scope of review, where the court below did not receive any additional evidence or testimony, is limited to a determination of whether the Civil Service Commission abused its discretion or committed an error of law. *Gabauer v. Civil Service Commission,* 6 Pa. Commonwealth Ct. 646, 648, 297 A.2d 507, 508 (1972). We must affirm the Civil Service Commission's decision if there is substantial evidence to support it.

With respect to the charge that Coleman engaged in immoral conduct with a woman not his wife, Cole-

man himself testified that while married he had a close relationship with a woman not his wife over a period of several years; that he wanted to live with the other woman but on advice of his lawyer delayed doing so until a time after he learned that fornication and adultery were no longer crimes in this State; that he then lived for three months with the other woman in the home formerly occupied by him and his wife; and that he caused the other woman to move out of the home on the prophetic advice of counsel that her presence might be considered improper conduct. Coleman also testified that the woman in this case was also an employee of the Borough and that she and he still kept company in public places.

In *Faust v. Police Civil Service Commission of Borough of State College,* 22 Pa. Commonwealth Ct. 123, 347 A.2d 765 (1975), we held that adultery is conduct which is both immoral and unbecoming an officer and that it may be the basis for the dismissal of a police officer under the Act of February 1, 1966. Coleman attempts to distinguish *Faust* on the ground that his adultery was engaged in out of the public's view, rather than in motel rooms as in *Faust,* and that there was no testimony that his behavior had a debilitating effect on police morale as there was in *Faust.* The court below, we believe erroneously, fell in with this argument. We find no factual differences sufficient to remove this case from the purview of *Faust.* Officer Faust also contended that only "public", as opposed to "private", adultery may be considered immoral or conduct unbecoming an officer. In response we stated that "we do not believe that a distinction between 'private' and 'public' immorality or conduct has any bearing on the decision here. . . ." 22 Pa. Commonwealth Ct. at 130, 347 A.2d at 769. Moreover, it is evident from a reading of *Faust* that evidence that adultery "affects the morale of the [police] department and re-

duces the effectiveness of police officers," 22 Pa. Commonwealth Ct. at 130-31, 347 A.2d at 769, is not essential to a finding of immorality or conduct unbecoming an officer. To be immoral or unbecoming a police officer, conduct must only "be such as to offend publicly accepted standards of decency." *Zeber Appeal,* 398 Pa. 35, 43, 156 A.2d 821, 825 (1959). Adultery, as we held in *Faust* and reaffirm here, is just such conduct as "offend[s] publicly accepted standards of decency."

Coleman's testimony provided ample evidence of the adulterous relationship. Therefore, the Commission's finding that Coleman engaged in immoral conduct unbecoming a police officer should not have been disturbed. Since Coleman was subject to dismissal for this conduct, it is unnecessary for us to discuss in detail the three other charges lodged against him. The evidence on each is conflicting but there is sufficient competent evidence supporting the Commission's findings against Coleman on the charge of directing profane and insulting language to a subordinate. We agree with the trial court that the two remaining charges were matters concerning judgment, not behavior. Finally, there being sufficient evidence sustaining charges founded solely on The Borough Code, it is unnecessary to discuss Coleman's complaints concerning findings of violations of ordinances adopted after the time he allegedly committed the offending acts.

## ORDER

AND Now, this 26th day of October, 1979, the order of the Court of Common Pleas of Delaware County, No. 77-9383, is reversed and the decision of the Council for the Borough of Darby, discharging Paul J. Coleman as Chief of Police of the Borough of Darby, is reinstated.