## Haldeman Suspension

*David W. Rahauser,* for appellant.
*Thomas J. Finucane,* for respondent.

EPPINGER, *P.J.*, January 21, 1981—There was an accident at a railroad crossing in Chambersburg. A car stopped on the track and was hit by

a train. Among those to respond was Patrolman Chris L. Haldeman of the Chambersburg Police Department. Haldeman arrived after an ambulance and another cruiser had reached the scene. Haldeman came down a street at a high rate of speed, attempted to enter a store parking lot, overshot the entrance, hit the curb with the cruiser, blowing out a front tire, skidded into a pole, and then fishtailed on the parking lot three or four carlengths before coming to a stop. There were pedestrians standing near where the car jumped the curb and they had to move.

William N. Johnston, Chief of Police of Chambersburg, accused Haldeman of conduct unbecoming an officer, specifically stating that ". . . responding to an accident call (Haldeman) drove Cruiser 96 into the Acme parking lot . . . in a negligent manner such that he struck a curb and as a result blew out a tire while entering the parking lot at approximately 40 miles per hour while pedestrians were in the immediate vicinity . . ." and that Haldeman's driving was intemperate.

The mayor then disciplined Haldeman for conduct unbecoming an officer and intemperate driving by suspending him for ten days. Haldeman took an appeal to the Borough Civil Service Commission. The commission heard testimony and concluded that Haldeman did not exercise caution in approaching the scene even though he knew another cruiser had arrived, thus reducing the urgency of his being there, that he endangered pedestrians, and damaged the cruiser and a sign post, making it necessary to send a mechanic to the scene before the automobile could be operated. The commisson apparently concluded that had Halde-

man been driving safely and prudently he would not have damaged the cruiser or caused concern to pedestrians. The board by an order of June 25, 1979 sanctioned and agreed with the Mayor's action in suspending Haldeman for ten working days. Haldeman filed an appeal to this court.

We did not take additional testimony and therefore are limited to a review of the action of the Civil Service Board. We may not set aside disciplinary action of a municipal employe where sufficient evidence is presented in the record to sustain the action of the administrative body. We are not permitted to consider the weight of the evidence: Zeber Appeal, 398 Pa. 35, 156 A. 2d 821 (1959). From the same case we learn that unbecoming conduct is any conduct which adversely affects the morale or efficiency of the bureau to which an official is assigned or which has a tendency to destroy public respect for municipal employes and confidence in the operation of municipal services. In this connection it is not necessary that the conduct be criminal or that it be proved beyond a reasonable doubt.

We conclude that Haldeman's conduct was not acceptable under the circumstances. He argued, however, that there is no precedent for the action taken by the Mayor and approved by the Civil Service Commission. Counsel's review of the cases shows that employes have been disciplined for alcohol abuse, Borough of Carlisle v. Adams, 12 Cumb. 53 (1961), adulterous conduct coupled with profane and insulting language, Borough of Darby v. Coleman, 47 Pa. Commonwealth Ct. 9, 407 A. 2d 468 (1979), and indecent exposure, Corle v. City of Oil City, 45 Pa. Commonwealth Ct. 559, 405 A. 2d 1104 (1979). The argument is that since there are

no reported cases where a court has sustained a board where reckless driving was the offense, something akin to moral turpitude is necessary to support this disciplinary action. We do not agree.

We perceive that in police work, safe operation of a motor vehicle is required conduct. There are instances, of course, where an officer must take chances, but only where there are compelling circumstances. Thus we conclude that because a person is a member of a police department he cannot recklessly operate his vehicle, as for instance violently weaving on a roadway, and be exonerated from discipline. If this is so, then it becomes a matter for the supervisor in the first instance and the Civil Service Commission on appeal to determine whether the conduct adversely affects the morale or efficiency of the police department or has a tendency to destroy public respect for the department and confidence in its operation.

In this case we agree that the record supports such a conclusion and therefore the suspension of Patrolman Haldeman will be sustained.


ORDER


January 21, 1981, it is ordered that the appeal of Chris L. Haldeman from the decision of the Borough of Chambersburg Civil Service Commission sustaining the action of the Mayor in suspending him for ten working days is dismissed and the actions of the Mayor and the Commission are sustained. The costs of these proceedings shall be paid by Patrolman Haldeman.