## Banks *v.* Board of Commissioners of Upper Moreland Township.

Argued October 3, 1972, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*James R. Caiola,* with him *Caiola & Caiola,* for appellant.

*Gilbert P. High, Jr.,* with him *High, Swartz, Roberts & Seidel,* for appellee.

OPINION BY JUDGE BLATT, January 16, 1973:

William Banks (Banks) was the Chief of Police of Upper Moreland Township (Township) when, on November 10, 1970, the Township Commissioners approved a motion to remove him as Chief of Police and also to dismiss him from the police force. Banks was charged with inefficiency, neglect and intemperance in performance of his duties and with conduct unbecoming an officer. Specifically he was accused of harassment, favoritism, neglect of official duty and causing low morale on the force. Banks filed an appeal with the Upper Moreland Township Civil Service Commission (Commission) which, following a hearing, found that the charges against Banks constituted sufficient grounds for removing him from the force. Because of his eighteen years service, however, the Commission ordered that his punishment be reduced to a ten month suspension and a reduction to the rank of lieutenant. Banks appealed this decision to the Court of Common Pleas of Montgomery County, which affirmed the Commission's findings but held that the Commission had made an error of law in reducing the penalty. The lower court held that, once the Commission found support in the evidence for the penalty imposed by the Township, it had no discretion to alter the penalty.

The evidence presented to the Commission indicated that when Banks was appointed Chief of Police a schism existed between two factions on the force, one faction supporting the previous chief and the other faction supporting Banks. There was testimony, which the Commission chose to believe, that Banks had proceeded to aggravate this split. There was also testimony that Banks had unfairly harassed those police-

men whom he did not consider to be his friends, in an apparent attempt to induce their resignation from the force. A number of such resignations did occur. It was also testified that Banks gave job preference to and repeatedly favored a few officers who were friendliest toward him, such favoritism allegedly being shown without regard to its bad effect on department efficiency and morale. Lastly, it was testified, and the Commission found, that Banks did little to increase the competency of the officers on the force and even discouraged some of them from making certain vice checks.

An impressive number of seemingly competent witnesses was presented for each side, and we might or might not have agreed with the Commission on evaluating this contradicting testimony had we heard it directly. It is not our duty, however, to decide the credibility of witnesses who appeared before the Commission. This is for the Commission to decide and when, as here, the court below took no additional testimony and received no additional evidence on the merits, our scope of review is merely to determine whether or not the Commission abused its discretion or committed an error of law. *Shannon v. Civil Service Commission,* 4 Pa. Commonwealth Ct. 492, 287 A. 2d 858 (1972).

The charges against Banks were clearly those permitted by §644 of the First Class Township Code, Act of June 24, 1931, P. L. 1206, as amended, 53 P.S. §55644. It is his contention, however, that even if all of the accusations against him are considered true, they do not amount to such "inefficiency, neglect, intemperance . . . or conduct unbecoming an officer" so as to warrant the penalty imposed. It is his further contention that an officer cannot be dismissed unless he has been guilty of moral turpitude, flagrant public misbehavior, or direct violation of public law. With this broad statement we cannot agree.

The term "unbecoming conduct" has been considered in *Zeber Appeal*, 398 Pa. 35, 43, 156 A. 2d 821, 825 (1959), and the statement made therein was adopted by this Court in *Kramer v. City of Bethlehem*, 5 Pa. Commonwealth Ct. 139, 144, 289 A. 2d 767, 769 (1972).

"Unbecoming conduct on the part of a municipal employee, especially a policeman or fireman, is *any conduct which adversely affects the morale or efficiency of the bureau to which he is assigned.* It is indispensable to good government that a certain amount of discipline be maintained in the public service. Unbecoming conduct is also any conduct which has a tendency to destroy public respect for municipal employees and confidence in the operation of municipal services. It is not necessary that the alleged conduct be criminal in character nor that it be proved beyond a reasonable doubt." (Emphasis added.)

Surely, the actions of which the Commission found Banks to be guilty fit within this definition. The harassment and favoritism of which Banks was accused and of which the Commission believed him guilty would most certainly tend to lower morale in the police department and tend to destroy public confidence therein. His actions, therefore, were ample grounds for dismissal, and the Township chose that penalty.

It was clearly not improper for the Township to discharge Banks, but the question then arises as to whether or not the Commission was correct when it upheld the Township's charges but reduced the penalty prescribed. We think it was not.

The Commission's actions in a case of this kind are controlled by §645 of the First Class Township Code, 53 P.S. §55645, which reads in pertinent part: *"In the event the commission shall sustain the charges and order the suspension, removal or reduction in rank,* the person suspended, removed or reduced in rank shall

have immediate right of appeal to the court of common pleas of the county and the case shall there be determined as the court deems proper. No order of suspension made by the commission shall be for a longer period than one year. Such appeal shall be taken within sixty days from the date of entry by the commission of its final order and shall be by petition. Upon such appeal being taken and docketed, the court of common pleas shall fix a day for a hearing and shall proceed to hear the appeal on the original record and such additional proof or testimony as the parties concerned may desire to offer in evidence. The decision of the court affirming or reversing the decision of the commission shall be final and the employe shall be suspended, discharged, demoted or reinstated in accordance with the order of the court." (Emphasis added.)

We can find nothing in this section which would authorize the Commission to modify a penalty imposed by the Township when it also finds that, as a matter of law, the Township has produced sufficient evidence to justify the penalty it has imposed. The purpose of the Commission clearly seems to be to protect employees from arbitrary or discriminatory Township action, not to usurp the functions of elected Township officials in the administration of their duties. As the court below, in the well reasoned opinion of Judge SCIRICA, stated:

"Primary responsibility for the decisions and methods deemed necessary to uphold police morale and efficiency and to maintain public confidence in the police department resides in the municipal officials. . . .

"Under the provisions of the Code (53 P.S. 56405), the Board of Township Commissioners are given the power of supervision of the police. The decision of the Civil Service Commission precludes the Commissioners from effectively administering this function. The Commission acknowledged the fact that Mr. Banks was

not the victim of any arbitrary or discriminatory actions by his superiors, yet they prevent the Township Commissioners from removing him from the police force. If the order of the Commission is sustained, its effect will be to deprive local authorities of the power essential to maintain an efficient, disciplined and motivated police force."

It should be noted that our Supreme Court, in *Lower Merion Township v. Turkelson*, 396 Pa. 374, 152 A. 2d 724 (1959), held that the Courts of Common Pleas have full discretion to modify Civil Service Commission actions. The basis for such ruling, however, is that phrase in §645 of the First Class Township Code, 53 P.S. §55645, which provides that cases before the Courts of Common Pleas shall "be determined as the court deems proper." There is no comparable provision relating to Civil Service Commissions, and there is no reason to suppose that, because the Court of Common Pleas here might have modified this decision of the Township authorities, the Commission may do so.

We believe, therefore, that the lower court acted correctly in reinstating the penalty imposed by the Township.

The order is affirmed.

---

CONCURRING OPINION BY JUDGE KRAMER:

While I concur in the results of the majority opinion, I must register this disagreement with the rationale of the majority opinion.

I concur because as the majority correctly observed, the lower court was given the discretionary power to determine the case (the appeal from the Civil Service Commission) "as the court deems proper" (53 P.S. §55645).

What gives me concern is the strong proscriptions of the majority that the Commission cannot modify the penalty (i.e., suspension, removal or reduction in rank).

The pertinent parts of Section 645 of The First Class Township Code, Act of June 24, 1931, P. L. 1206, as amended, 53 P.S. §55645, are quoted in the majority opinion. Among other things, it states that: "No order of suspension *made by the Commission* shall be for a longer period than one year . . . . The decision of the court affirming or reversing the decision *of the Commission* . . . ." (Emphasis added.) It seems clear that the court is directed to rule on the adjudication of the Civil Service Commission and not that of the Township Commissioners. This statutory language says to me that the Civil Service Commission has the power and the duty to perform a service entailing more than a mere "yes" or "no" vote on upholding the penalty imposed by the Township Commissioners, as the majority implies. The statute permits a de novo hearing before the Civil Service Commission, with all the trappings of an adversary proceeding, i.e., written charges, an answer thereto, counsel representing both sides, subpoena powers, and stenographic records of the proceeding. To me, a de novo hearing contemplates a possible different result, wholly or partially, based upon the new record made.

Police officers often deal in very delicate or emotional human affairs. Sometimes the political overtones control the leniency or severity of the penalty. It could very well happen that the record made before the Civil Service Commission would adequately support the technical charges made by the Township Commissioners, but fail miserably to justify the absolute removal of the police officer from the police force forever. My reading of the statute leads me to believe that the Civil Service Commission has discretionary

powers to modify the penalty. The Township, its citizens, and its Commissioners are protected from possible abuse by the Civil Service Commission by the Township's right to appeal to the courts in the same manner as the police officer.

There is nothing in the statute which says the court must conduct a de novo hearing, yet without hearing and seeing the witnesses, it has been given specifically the power to modify the penalty. It makes more sense to permit the Civil Service Commission, which hears the testimony, to have similar discretionary powers, and the statute does not specifically prohibit this. To permit the Civil Service Commission to modify the penalty will permit cases to be concluded at that level. To restrict the Civil Service Commission from modifying a penalty, which may be unfair, unreasonable or based upon some capricious acts of the Township Commissioners almost guarantees appeals to the courts, a result certainly not desirable nor intended by the Legislature.

In conclusion, my reading of the record would lead me to affirm the lower court on its proper use of its discretion based upon the record made. I would not limit the Civil Service Commission for reasons stated herein.