In Re: Appeal of Alvin H. Zimmett, Member of the Police Force of the Borough of St. Marys. Alvin H. Zimmett, Appellant.

Argued October 29, 1976, before Judges CRUMLISH, JR., KRAMER and MENCER, sitting as a panel of three.

*Norbert J. Pontzer,* with him *Pontzer & Pontzer,* for appellant.

*Alvin B. Coppolo,* Solicitor, for appellee.

OPINION BY JUDGE MENCER, January 6, 1977:

The issue before us in this borough civil service appeal is whether the Civil Service Commission of

the Borough of St. Marys (Commission) erred in modifying the penalty imposed on Officer Alvin H. Zimmett by the Council of the Borough of St. Marys (Council).

Officer Zimmett, a member of the police force of the Borough of St. Marys who had recently been demoted from chief to patrolman, reported for duty on July 15, 1975 with the odor of intoxicants on his breath. After verifying the report of an officer that Zimmett was intoxicated, the acting police chief sent Zimmett home. The next day the mayor of St. Marys suspended Zimmett pending a meeting of the Council, citing intoxication among the reasons for the action. At a meeting which the mayor attended, the Council dismissed Zimmett on the same charges. Zimmett demanded a hearing before the Commission under Section 1191 of The Borough Code, Act of February 1, 1966, P.L. (1965) 1656, *as amended*, 53 P.S. §46191.

The Commission held a hearing at which four members of the police department testified concerning Zimmett's behavior. In particular, there was testimony that his speech was slurred, that his breath smelled of intoxicants, and that he had difficulty avoiding walls and balancing himself on chairs. Other testimony adduced at the hearing tended to show that the other charges against Zimmett either stemmed from the intoxication-on-duty charge or were violations of ambiguous police department policies. The Commission therefore dismissed all but the intoxication charge. Moreover, the Commission reduced the penalty imposed by the Council from dismissal to suspension for 120 days, opining that, had the Council only considered the intoxication charge, it would not have dismissed Zimmett. Section 1191 was cited as authority for the Commission's power to modify Council actions.

The Court of Common Pleas of Elk County found that the Commission abused its discretion by basing the modification of the penalty on speculation as to the probable actions of the Council, and the Council's order of dismissal was reinstated. Zimmett now appeals to this Court, contending both that the Commission did not abuse its discretion and that it has the power to modify a Council action.

Our scope of review in a borough civil service appeal where the court below has not taken additional evidence is limited to determining whether the commission abused its discretion or committed an error of law. *Banks v. Board of Commissioners of Upper Moreland Township*, 7 Pa. Commonwealth Ct. 393, 298 A.2d 923 (1973); *Gabauer v. Civil Service Commission*, 6 Pa. Commonwealth Ct. 646, 297 A.2d 507 (1972). In exercising this review, we are mindful of the role of courts in reviewing borough civil service appeals. Our Supreme Court has said in *Baker Case*, 409 Pa. 143, 147, 185 A.2d 521, 523 (1962), that "[t]he function of the courts is merely to make sure that just cause for dismissal exists, both factually and legally, and that the municipal officials have not abused their discretion in imposing the punishment in question. It is *not* our function to decide what we would have done under the circumstances if we had been Baker's superiors." (Emphasis in original.)[1]

---

[1] This is essentially the same test enunciated by Judge BLATT when, speaking for this Court in *Banks, supra,* she stated:

> We can find nothing in this section which would authorize the Commission to modify a penalty imposed by the Township when it also finds that, as a matter of law, the Township has produced sufficient evidence to justify the penalty it has imposed. The purpose of the Commission clearly seems to be to protect employees from arbitrary or discriminatory Township action, not to usurp the functions of elected Township officials in the administration of their duties.

7 Pa. Commonwealth Ct. at 398, 298 A.2d at 925.

In determining whether the Commission abused its discretion, we note that in *Baker, supra,* the Court indicated that "[u]nder the scheme established by the civil service acts, primary responsibility and decision as to the methods necessary to uphold police morale and efficiency and to maintain public confidence in the police department resides in the municipal officials." 409 Pa. at 147, 185 A.2d at 523. In *Eppolito v. Bristol Borough,* 19 Pa. Commonwealth Ct. 99, 339 A.2d 653 (1975), we reaffirmed this principle by recognizing that the borough council, acting as the employer, has primary discretion as to whether or not a policeman should be dismissed. While in *Eppolito* we were concerned with a lower court's abusing its discretion by modifying a council action, we feel our reasoning has equal validity in the instant case. Surely, the Commission does not have absolute discretion to supplant the decision made by those most immediately concerned with Zimmett's conduct. It is necessary that both court and commission give due respect and weight to the action of the duly constituted municipal body which is authorized to act with respect to charges against members of the police force. Accordingly, we must weigh the reasons for which the Commission overrode the Council's primary discretion to determine whether it abused its discretion.

Factually, the record contains substantial evidence to support a finding that Zimmett was intoxicated while on duty. Section 1190 of The Borough Code, 53 P.S. §46190, authorizes suspension or removal of a person from the police force of any borough for intoxication while on duty. Therefore, just cause

In *Banks* we were dealing with Section 645 of The First Class Township Code, Act of June 24, 1931, P.L. 1206, *as amended,* 53 P.S. §55645. However, that section is substantially identical to Section 1191 of The Borough Code, the difference lying in the right of appeal.

exists for the actions of both the Council and the Commission.

Turning to the question of abuse of discretion, we note that in its opinion the Commission apparently concluded that a suspension was a more reasonable penalty than a dismissal. The Commission then decided to supplant the Council's penalty with its own for two reasons. First, speculating that the Council took all the charges into consideration in dismissing Zimmett, the Commission concluded that, had the Council only considered the intoxication charge, it would not have imposed a dismissal. Second, the Commission found authority for its action in Section 1191 of The Borough Code.[2]

We find these reasons to be wholly inadequate to supplant the discretion of the Council. The Commission's guess as to what the Council would not have done demonstrates a complete lack of deference to the discretion of those primarily charged with maintaining an efficient and effective police force. Moreover, Section 1191 is devoid of language which would bestow upon the Commission the unbridled discretion to modify Council actions that it here seeks us to ac-

---

[2] Section 1191 provides in pertinent part:

All parties concerned shall have immediate right of appeal to the court of common pleas of the county, and the case shall there be determined as the court deems proper. No order of suspension made by the commission shall be for a longer period than one year. Such appeal shall be taken within sixty days from the date of entry by the commission of its final order and shall be by petition. Upon such appeal being taken and docketed, the court of common pleas shall fix a day for a hearing and shall proceed to hear the appeal on the original record and such additional proof or testimony as the parties concerned may desire to offer in evidence. The decision of the court affirming or revising the decision of the commission shall be final, and the employe shall be suspended, discharged, demoted or reinstated in accordance with the order of court.

knowledge. In fact, the juxtaposed roles of the Commission and a reviewing court, referred to in Section 1191, appear to negate the existence of such discretion. *See Banks, supra.* This lack of support for the exercise of discretion, considered with Zimmett's all too recent demotion for conduct unbecoming an officer, leads us to hold that the Commission abused its discretion when it overrode the Council's decision to no longer employ Zimmett as a policeman.

Order affirmed.

ORDER

AND Now, this 6th day of January, 1977, the order of the Court of Common Pleas of Elk County, dated March 1, 1976, is affirmed.