William C. Wilson, Appellant *v.* Civil Service Commission of the Township of Wilkins, Appellee.

Argued May 6, 1977, before Judges KRAMER, MENCER and ROGERS, sitting as a panel of three.

*Allan E. Dreeland,* with him *Ronald P. Koerner,* and *Gatz, Cohen, Segal & Koerner,* for appellant.

*John M. Means,* with him *Markel, Levenson, Schafer & Means,* for appellee.

OPINION BY JUDGE MENCER, June 17, 1977:

This matter is before the Court on an appeal by William C. Wilson from an order of the Court of Common Pleas of Allegheny County which affirmed a decision of the Civil Service Commission of Wilkins Township (Commission) suspending Wilson from the township police force for 30 days and temporarily reducing his rank.

574

On July 9, 1975, Officer Wilson was off duty. That evening he, his wife, and another couple went out socially for dinner and a few drinks. Before returning to his home at about 2:45 the next morning, Wilson admittedly consumed four to six drinks. Sometime between 4 a.m. and 5 a.m., Wilson and his wife had a disagreement and she left their home. Immediately thereafter, in an apparent attempt to unload a handgun, Wilson shot himself in the finger. He was taken to the hospital.

Later that day, Wilson was notified in writing that his conduct was considered disobedience of an order prohibiting the unauthorized carrying of firearms while off duty and conduct unbecoming an officer under Section 644 of The First Class Township Code.[1] After an investigation, Wilson was notified that his action was deemed to constitute ''inefficiency, neglect, intemperance, disobedience of orders, and conduct unbecoming an officer'' within the meaning of Section 644. Two past suspensions for intemperance were taken into account in imposing the disciplinary action of permanent reduction in rank and a 60-day suspension. Wilson appealed the disciplinary action to the Commission.

The Commission held a hearing at which testimony of a nurse was admitted. The nurse, who treated Wilson when he entered the hospital, testified that she had been asked not to report the wound. Other evidence established the aforementioned facts. After considering all the evidence, the Commission reduced Wilson's suspension to 30 days, and it reduced him in rank for

---

[1] Act of June 24, 1931, P.L. 1206, as amended, 53 P.S. §55644, which provides in pertinent part: "No person employed in any police or fire force of any township shall be suspended, removed or reduced in rank except for the following reasons: . . . (4) inefficiency, neglect, intemperance, disobedience of orders, or conduct unbecoming an officer. . . ."

only 9 months. Wilson appealed to the common pleas court, which affirmed the Commission's order without taking additional testimony. Wilson then appealed to this Court.

When, as here, the court below took no additional testimony and received no additional evidence on the merits, our scope of review is to determine whether or not the Commission abused its discretion or committed an error of law. *Banks v. Board of Commissioners*, 7 Pa. Commonwealth Ct. 393, 298 A.2d 923 (1973). With this in mind, we note that the charges against Wilson were clearly those permitted by Section 644 of the Code. Included in those charges was the charge of conduct unbecoming an officer.

'Unbecoming conduct on the part of a municipal employee, especially a policeman or fireman, is *any conduct which adversely affects the morale or efficiency of the bureau to which he is assigned.* It is indispensable to good government that a certain amount of discipline be maintained in the public service. Unbecoming conduct is also any conduct which has a tendency to destroy public respect for municipal employees and confidence in the operation of municipal services. It is not necessary that the alleged conduct be criminal in character nor that it be proved beyond a reasonable doubt.' (Emphasis in original.)

*Banks, supra,* 7 Pa. Commonwealth Ct. at 397, 298 A. 2d at 925.

Surely, the actions of which the Commission found Wilson to be guilty fit within this definition. Public respect and confidence in Wilkins Township could not have been enhanced by his conduct. Nor was the discipline necessary for good government maintained by the unauthorized handling and unfortunate dis-

charge of a loaded handgun. Accordingly, we find no reason to upset the decision of the Commission.[2]

Order affirmed.

ORDER

AND Now, this 17th day of June, 1977, the order of the Court of Common Pleas of Allegheny County in the above capitioned matter is hereby affirmed.

---

[2] In light of our holding in *Banks, supra,* that primary responsibility for the decisions and methods deemed necessary to uphold police morale and efficiency and to maintain public confidence in the police resides in the municipal officials and not in the Commission, it would be difficult to fathom any further attack by Wilson on the Commission's lenient decision. *See also Appeal of Zimmett,* 28 Pa. Commonwealth Ct. 103, 367 A.2d 382 (1977).