45 Pa. Commonwealth Ct. 559 (1979)
Byron Joseph Corle, Appellant
v.
City of Oil City and Civil Service Commission of The City of Oil City, Appellees.
No. 734 C.D. 1978.
Commonwealth Court of Pennsylvania.
Argued May 7, 1979.
September 11, 1979.
Argued May 7, 1979, before Judges CRUMLISH, JR., MENCER and ROGERS, sitting as a panel of three.
*560 H. William White, with him James M. Greenfield, and Dale, Woodard, Montgomery & White, for appellant.
F. Walter Bloom, III, City Solicitor, for appellees.
OPINION BY JUDGE MENCER, September 11, 1979:
Byron Joseph Corle (appellant) has appealed from an order of the Court of Common Pleas of Venango County which affirmed the adjudication of the Civil Service Commission of the City of Oil City (Commission) which sustained the action of the city manager and fire chief of Oil City in terminating appellant's employment.
The appellant, a fireman employed by the City of Oil City since July 1, 1957, was dismissed from his employment on March 26, 1976, the day following his arrest on the charge of open lewdness. The notice of dismissal states that the appellant had been
dismissed from the service under the provisions of the City of Oil City Fire Department General Rules, Article IV, Sections 4, 6 and 7, which are set forth as follows:
4. Members shall not be a party to any indecent or immoral conduct.

*561 6. No member shall conduct himself in a manner unbecoming a gentleman, or prejudicial to the good reputation, the order, or discipline of the Fire Department.
7. Members at all times shall be free from influence of intoxicating liquors. They shall not bring into or keep within the premises of the Fire Department any such liquors. Members shall not gamble for money or other articles of value upon the premises of the Fire Department. They shall not be guilty of immoral or improper conduct nor of conduct unbecoming an officer or gentleman, nor of cowardice, or of shirking of duty. They shall not in any manner do anything prejudicial to the good reputation, order, or discipline of the department. They shall not engage on [sic] altercations under any circumstances.
The notice further stated that the appellant had, on March 25, 1976, at 8:28 a.m., exposed and manipulated his genitals while standing in front of a large window in his residence while two girls passed by on the sidewalk. The notice also stated that the appellant had "allegedly committed similar actions on prior and diverse dates."
An examination of the record discloses evidence that would support the Commission's finding that appellant had committed the acts alluded to in the notice of dismissal. A fair summary of that evidence would be that appellant, on three separate occasions, while children were walking to or from school, had stood in front of his bedroom windows which fronted on the sidewalk and had exposed, and on two of the occasions had fondled, his gentials as teen-aged girls were passing by. Appellant was seen by one teen-aged girl on two occasions and once by older women who were *562 watching the appellant from inside a house across the street. A police sergeant testified that on a third occasion, March 25, 1976, he had observed the appellant standing at the window as teen-aged girls walked by and that the appellant was fondling and lifting his genitals as the girls passed in front of the window. The policeman stated that he viewed the appellant's conduct from the same vantage point as the two older women.
The appellant countered with his testimony that he slept nude from the waist down and may have been seen while rising in the morning or walking about in his bedroom. The appellant denied knowing that he was being seen and denied that he intentionally exposed himself to anyone. The appellant was tried before a criminal jury for the offense of open lewdness for the incident alleged to have occurred on March 25, 1976 and was acquitted.
Appellant raises three questions here. First, he asserts that the fire department rules are vague and overbroad and therefore unconstitutional. Although a portion of the contents of the rules in question seem, upon initial consideration, to be overbroad, we cannot conclude that, taken as a whole, they are constitutionally defective. Rules such as the ones at issue here are to be given meaning by reference to the "common sense of the community" and the broad protective purposes for which they are promulgated. See Commonwealth v. Mack, 467 Pa. 613, 359 A.2d 770 (1976). We do not hesitate to once again quote from the case of Zeber Appeal, 398 Pa. 35, 43, 156 A.2d 821, 825 (1959) wherein our Supreme Court stated:
Unbecoming conduct on the part of a municipal employee, especially a policeman or fireman, is any conduct which adversely affects the morale or efficiency of the bureau to which he is assigned. It is indispensable to good government *563 that a certain amount of discipline be maintained in the public service. Unbecoming conduct is also any conduct which has a tendency to destroy public respect for municipal employees and confidence in the operation of municipal services. It is not necessary that the alleged conduct be criminal in character nor that it be proved beyond a reasonable doubt. . . . It is elementary that the measure of proof to convict for a criminal offense is substantially different and greater than that necessary to support the dismissal of a municipal employee. It is sufficient that the complained of conduct and its attending circumstances be such as to offend publicly accepted standards of decency.
The doctrine of vagueness incorporates notions of fair notice or warning. Phrases found in the rules in question such as "indecent or immoral conduct" and "conduct unbecoming an officer" and conduct "prejudicial to the good reputation, order or discipline of the department" are not esoteric. Instead, they are really easily understood and have meaning to the community. We have no serious doubt that appellant, when contemplating exposing his genitals to teen-aged girls passing by his bedroom window, would have had little difficulty deciding whether his intended act would be "indecent or immoral conduct" or "conduct unbecoming an officer" or conduct "prejudicial to the good reputation . . . of the department."
Next, appellant contends that off-duty misconduct of a fireman, absent an affirmative showing that such misconduct actually impairs his ability to competently function as a fireman, does not establish a reasonable basis for dismissal.[1] However, Zeber Appeal, supra, *564 is authority that such a contention is not sound. We have held on several occasions that off-duty conduct by policemen and firemen may be the basis for a charge of conduct unbecoming an officer and the basis for dismissal from employment. Fabio v. Civil Service Commission, 30 Pa. Commonwealth Ct. 203, 373 A.2d 751 (1977); Faust v. Police Civil Service Commission, 22 Pa. Commonwealth Ct. 123, 347 A.2d 765 (1975); Eppolito v. Bristol Borough, 19 Pa. Commonwealth Ct. 99, 339 A.2d 653 (1975); Gabauer v. Civil Service Commission, 6 Pa. Commonwealth Ct. 646, 297 A.2d 507 (1972); see also Vandergrift Borough v. Polito, 397 Pa. 538, 156 A.2d 99 (1959). We can perceive of no sufficient reason not to adhere to the holdings of these cases in this appeal.
Lastly, appellant asserts that he was prejudiced by the advice, rendered the Commission by the city solicitor, that the Commission did not have the authority to modify the sanction of dismissal imposed on him by the city manager. At the conclusion of oral arguments before the Commission, counsel for both the City and appellant were queried by the Commission members whether or not the Commission had the authority to modify the sanction of dismissal to some lesser form of sanction, such as a suspension. Counsel disagreed as to the answer to the Commission's query, and thereafter both counsel submitted supplementary briefs on the question in support of their respective positions. The record is silent as to which point of view was accepted by the Commission, but the fact is *565 that the Commission sustained the dismissal of appellant without making any modification of that sanction.
The appellant only offers us, in support of his contention that the Commission could modify the sanction, the concurring opinion of Judge KRAMER filed in Banks v. Board of Commissioners, 7 Pa. Commonwealth Ct. 393, 298 A.2d 923 (1973). In Banks, it was held that Section 645 of The First Class Township Code, Act of June 24, 1931, P.L. 1206, as amended, 53 P.S. § 55645, did not empower a commission to modify a penalty imposed on the Chief of Police of Upper Moreland Township by the township commissioners. Judge KRAMER'S concurring opinion indicated that he was of the view, since the applicable township code permitted a de novo hearing before the civil service commission and did not specifically prohibit a modification of the imposed sanction, that a commission should have the power to modify the penalty.
Our reflection on the question satisfies us that the trial court correctly reasoned as follows:
The language defining the powers of the Civil Service Commission in a First Class Township and a Third Class City is strikingly similar. The First Class Township Code, Act of June 24, 1931, P.L. 1206, as amended, 53 P.S. § 55645, provides: `In the event the commission shall sustain the charges and order the suspension, removal or reduction in rank, the person suspended, removed or reduced in rank shall have immediate right of appeal to the court of common pleas of the county and the case shall there be determined as the court deems proper.' The Court in Banks v. Board of Commissioners of Upper Moreland Township, 7 Pa. Commonwealth Ct. 393, 394, 298 A.2d 923 (1973), found `nothing in this section that would authorize the *566 Commission to modify a penalty imposed by the township when it also finds that, as a matter of law, the township has produced sufficient evidence to justify the penalty it has imposed. The purpose of the Commission clearly seems to be to protect employees from arbitrary or discriminatory township action, not to usurp the functions of elected township officials in the administration of their duties.'
The similar language of Section 39870 of the Third Class City Fireman's Civil Service law provides: `In the event that the Civil Service Commission shall sustain the action of the officer seeking the suspension, removal or reduction, the person suspended, removed or reduced shall have an immediate right of appeal to the court of common pleas.'
. . . .
In the Appeal of Zimmett, 28 Pa. Commonwealth Ct. 103, 367 A.2d 382 (1977), the court faced the opposite problem in that the Borough Code does not provide a standard of review for the Commission and it provides for the court to determine the case as it `deems proper.' The Zimmett Court after citing Baker and Banks held: `It is necessary that both court and commission give due respect and weight to the action of the duly constituted municipal body which is authorized to act with respect to charges against members of the police force.'
Although in the instant case we cannot with certainty know that the Commission accepted the view offered by the city solicitor as to whether or not the Commission could modify the sanction of dismissal, we are not convinced that, if it did so, such was an error of law.
*567 Our review of this record causes us to conclude that just cause for the dismissal of the appellant existed both factually and legally and that the Oil City officials did not abuse their discretion in terminating his employment with the City. Baker Case, 409 Pa. 143, 185 A.2d 521 (1962).
Order affirmed.

ORDER
AND NOW, this 11th day of September, 1979, the order of the Court of Common Pleas of Venango County, dated February 7, 1978, affirming the adjudication of the Civil Service Commission of Oil City which sustained the dismissal of Byron Joseph Corle from employment as a fireman by the City of Oil City and dismissing the appeal of Byron Joseph Corle therefrom, is hereby affirmed.
NOTES
[1] Behavior may be a basis for discharge of a public employee where the behavior ceases to be private and impairs the employee's job performance or the efficiency of the employing agency. Singer v. United States Civil Service Comm'n, 530 F.2d 247 (9th Cir. 1976), vacated and remanded, 429 U.S. 1034 (1977) (Court upheld dismissal of homosexual who engaged in notorious conduct and open flaunting and careless display of unorthodox sexual conduct in public). But cf. Matter of Delessandro, 483 Pa. 431, 397 A.2d 743 (1979).