320

In the Matter of Ronald Priest.   Ronald Priest, Appellant.

Argued October 3, 1979, before Judges CRUMLISH, JR., WILKINSON, JR. and MENCER, sitting as a panel of three.

*Kenneth E. Aaron,* with him *Davidson, Aaron & Tumini,* for appellant.

*Barry J. Grossman,* Assistant City Solicitor, with him *James M. Penny, Jr.,* Deputy City Solicitor, and *Sheldon L. Albert,* City Solicitor, for appellee.

OPINION BY JUDGE MENCER, November 15, 1979:

Ronald Priest (appellant) was employed as a fireman by the City of Philadelphia for approximately three and one-half years prior to June 9, 1977, when he was placed under arrest as the result of a narcotics raid at a house where he and three other persons were playing cards. Although all criminal charges filed against appellant were withdrawn, he was dismissed from his fireman's position because his arrest, his being charged with possession and intent to deliver a controlled substance and with conspiracy, and his smoking marijuana rendered him "unfit to be a Philadelphia Firefighter."

Appellant appealed his dismissal to the Civil Service Commission of the City of Philadelphia, which denied his appeal, and thereafter he appealed to the Court of Common Pleas of Philadelphia County, which also denied his appeal and upheld his dismissal. This appeal followed and we affirm.

In exercising our scope of review here, we must affirm unless we find that the adjudication is in violation of the constitutional rights of the appellant or is not in accordance with law or that the provisions of the Local Agency Law[1] have been violated in the proceedings before the Civil Service Commission, or that any necessary finding of fact is not supported by substantial evidence. *Fabio v. Civil Service Commission,* 30 Pa. Commonwealth Ct. 203, 373 A.2d 751 (1977).

---

[1] Act of December 2, 1968, P.L. 1133, *formerly* 53 P.S. §§11301-11311, repealed by Section 2(a) of the Judiciary Act Repealer Act, Act of April 28, 1978, P.L. 202, 42 P.S. §20002(a) [1429]. A similar act is now found in 2 Pa. C.S. §§551-555, 751-754.

Off-duty conduct may properly be considered in a charge of conduct unbecoming a fireman. *Corle v. City of Oil City*, 45 Pa. Commonwealth Ct. 559, 405 A.2d 1104 (1979). Appellant's presence in a house (1) with three men who admitted smoking marijuana and who stated that appellant was also smoking marijuana,[2] (2) with two plastic bags containing marijuana on the table where the men were playing cards, and (3) with a one-pound bag of marijuana found after a search was conducted of the premises, *combined* with appellant's attempt to force the front door closed when the investigating officer identified himself at the entrance to the building, are actions and circumstances which could bring dishonor upon his profession and lead to a weakening of the public confidence and trust of which he was a repository.[3]

---

[2] Appellant contends that the Civil Service Commission had only uncorroborated hearsay and suspicion to support these findings. However, Sergeant Richard Strohm testified that "Mr. Priest [appellant] told me he was only smoking a little bit."

[3] The notice of dismissal states that appellant was being dismissed for the following reasons:

The Fire Department was advised that you were arrested on June 9, 1977 at 11:15 P.M. and charged with possession, with the intent to deliver, and knowing of, and intention of possession of a controlled substance and conspiracy. This arrest came as a result of an investigation by Police of a report that narcotics were being sold at 715 East Cornwall Street. During the investigation, Police entered the Cornwall Street address at 11:15 P.M. on June 9, 1977, arrested you and three other men after a search of the property disclosed 20 ounces of marijuana, 100 pills, and 5 bags of an alleged controlled substance.

Further, the three other men arrested admitted that all four present had been smoking marijuana prior to the arrival of Police.

By your involvement in these circumstances, you have rendered yourself unfit to be a Philadelphia Firefighter.

We are unable to conclude, although urged to do so by appellant, that the contents of this notice of dismissal were unconstitutionally

Thus, appellant's conduct amounted to just cause for his dismissal.[4]  *Richter v. Civil Service Commission,* 35 Pa. Commonwealth Ct. 310, 387 A.2d 131 (1978). Evidence is substantial and supports an administrative decision when, from an examination of the entire record and inferences therefrom, a reasonable man might have reached the same decision. *Leroi v. Civil Service Commission,* 34 Pa. Commonwealth Ct. 190, 382 A.2d 1260 (1978). Our examination of the record in the instant case does not lead us to the conclusion that a reasonable man, when confronted with the evidence here, would not reach a decision affirming appellant's dismissal.

Consequently, since a review of the record discloses the charges against appellant were established by substantial evidence and his dismissal was in accordance with law, we must affirm. *See Baker Case,* 409 Pa. 143, 185 A.2d 521 (1962).

---

vague or that this notice secreted within its terms charges against appellant which he could not possibly know he would be required to defend.

[4] In *Zeber Appeal,* 398 Pa. 35, 43, 156 A.2d 821, 825 (1959), our Supreme Court stated:

> Unbecoming conduct on the part of a municipal employee, especially a policeman or fireman, is any conduct which adversely affects the morale or efficiency of the bureau to which he is assigned. It is indispensable to good government that a certain amount of discipline be maintained in the public service. Unbecoming conduct is also any conduct which has a tendency to destroy public respect for municipal employees and confidence in the operation of municipal services. It is not necessary that the alleged conduct be criminal in character nor that it be proved beyond a reasonable doubt. . . . It is elementary that the measure of proof to convict for a criminal offense is substantially different and greater than that necessary to support the dismissal of a municipal employee. It is sufficient that the complained of conduct and its attending circumstances be such as to offend publicly accepted standards of decency.

Order affirmed.

ORDER

AND Now, this 15th day of November, 1979, the order of the Court of Common Pleas of Philadelphia County that the appeal of Ronald Priest from the decision of the Civil Service Commission of the City of Philadelphia, upholding his dismissal from the Fire Department of the City of Philadelphia, be denied is hereby affirmed.