John Clark, Appellant *v.* Pittsburgh Civil Service Commission, Appellee.

Argued May 5, 1982, before President Judge CRUM-LISH and Judges WILLIAMS, JR. and MACPHAIL, sitting as a panel of three.

274

*Evalynn B. Welling,* for appellant.

*D. R. Pellegrini,* City Solicitor, for appellee.

OPINION BY JUDGE MACPHAIL, August 12, 1982:

John Clark (Appellant) has brought this appeal from an order of the Court of Common Pleas of Allegheny County which affirmed a decision of the Pittsburgh Civil Service Commission (Commission) sustaining a fine imposed by the Fire Trial Board (Trial Board) of the City of Pittsburgh.

Appellant is employed as a fire fighter for the City of Pittsburgh. The charges arose out of an incident occurring on July 8, 1980, involving a Lieutenant Kimak and Appellant who engaged in a scuffle in the barracks room which, the city contends, was broken up by a Captain Coyne who directed both participants to leave the room. The City contends that after both men departed, Appellant approached Lieutenant Kimak from the rear and struck him one or more severe blows. Appellant contends he did not hear Captain Coyne say anything and that his striking of Lieutenant Kimak was provoked. On July 14, 1980, Appellant was found guilty of fighting and of insubordination to his commanding officer. The Trial Board imposed a fine of four days pay per seven day period of 26 pay periods.

Appellant took an appeal from that decision to the Commission which body reversed the insubordination charge for failure to properly apprise Appellant that it was Captain Coyne and not Lieutenant Kimak to whom he was allegedly insubordinate. The Commission affirmed the fighting charge and found that "the fine imposed under all circumstances was

excessive." The Commission's initial order reduced the fine to one day's pay period for 26 pay periods. At the city's request the Commission suspended the initial decision to consider whether it had authority to modify the Trial Board decision. Subsequently, the Commission ruled it did not have such power whereupon it modified its initial order by remanding the matter to the Trial Board for a "clarification as to what penalty it intended to impose in each of the separate guilty findings." The Appellant appealed from that order to the court of common pleas which quashed the appeal as interlocutory. Unfortunately for the Appellant, the Trial Board declined to allocate the penalty it had previously imposed and merely affirmed the original penalty. Since there was substantial evidence to sustain the charge of fighting and it had already determined that it had no authority to modify the penalty, the Commission denied Appellant's second appeal.

An appeal to the court of common pleas followed. That court, which received no further evidence, determined that the Commission had no power to modify the penalty, that there was substantial evidence in the record to support the Commission's findings and that the penalty should be affirmed.

Stripping the legal language from the issue presented to us, we are called upon to determine whether a fireman accused and found guilty of two acts of misconduct for which a penalty is imposed, has been treated fairly under the law when one of those charges has been removed but the penalty remains the same.

The pertinent statute is the Act of June 27, 1939, P.L. 1207 (Act), *as amended,* 53 P.S. §§23491-23498. Section 6 of the Act, 53 P.S. §23496 provides for the selection of the Trial Board members and for the implementation of its decision, if approved by the

mayor, by the director of the Department of Public Safety. The Act goes on to provide that the employee may appeal from that action to the Commission and if the Commission fails to sustain the action "of the removing officer", the employee shall be reinstated. The statute gives no other authority to the Commission. The Act then provides that the employee may appeal from the Commission's decision to the court of common pleas. The statute, as last amended, says nothing about the reviewing powers of that court. The trial court here determined that the scope of its review was governed by the provisions of the Local Agency Law, 2 Pa. C. S. §754(b) but also held it could affirm, modify or reverse the Commission and any penalty imposed by the Trial Board, removing officer or the Commission.

Where the Trial Court has taken no additional testimony, our scope of review is to determine whether the Commission abused its discretion or committed an error of law. *Shannon v. Civil Service Commission*, 4 Pa. Commonwealth Ct. 492, 287 A.2d 858 (1972). Since the Commission refused to exercise any discretion, our review here is limited to a consideration of whether that determination was correct as a matter of law.

In reviewing the appellate cases involving the authority of a civil service commission to modify a penalty, careful attention must be paid to the fact that not only are police and firemen treated differently by the legislature, but different statutory language is employed depending upon the nature of the municipality involved, *i.e.* city, borough, township, etc.[1] In that respect, Section 6 of the Act is unique.

---

[1] In *Corle v. City of Oil City*, 45 Pa. Commonwealth Ct. 559, 405 A.2d 1104 (1979) the issue of a city's commission's authority to modify a sanction of dismissal against a fireman was raised in the

Its provisions apply solely to the City of Pittsburgh. Any comparison with decisions we have made in cases construing other statutes, while helpful, is not controlling. We have previously indicated the step by step procedure required by the Act and while we must agree that the powers of the Commission appear to be narrowly and perhaps even unduly restricted by the statutory language, the remedy for any deficiency in this regard lies with the legislature, not this Court. At the same time, we might note that there may be no deficiency in the statute at all; that the legislature

---

appeal to this Court. We said there that although the Commission's adjudication did not say specifically whether it had decided to accept the city solicitor's advice that it lacked such authority, even if the Commission had concluded that it had no such power to modify, such a result would *not* be an error of law. In *Banks v. Board of Commissioners of Upper Moreland Township*, 7 Pa. Commonwealth Ct. 393, 298 A.2d 923 (1973) a township civil service commission sustained the charges against a police officer but reduced the penalty from dismissal to suspension. We affirmed a court of common pleas holding that the commission had no such power. In *Appeal of Zimmett*, 28 Pa. Commonwealth Ct. 103, 367 A.2d 382 (1977), a police officer of a borough was dismissed for intoxication on duty and related charges. The commission sustained only the intoxication charge but reduced the penalty from dismissal to a 120 day suspension. A court of common pleas held that the commission abused its discretion and we affirmed saying that Section 1191 of The Borough Code, Act of February 1, 1966, P.L. (1965) 1656, *as amended*, 53 P.S. 46191 is devoid of language which would bestow upon the Commission "the unbridled discretion" to modify the actions of a borough council. In *Omelchenko v. Housing Authority of County of Lebanon*, 58 Pa. Commonwealth Ct. 494, 497, 428 A.2d 274, 276 (1981), involving an employee of a housing authority we said that "[o]nly if the charges are not made out, may the Commission modify the appointing authority's action by reinstating the employee—with or without back pay." In *Borough of Bristol v. Downs*, 48 Pa. Commonwealth Ct. 46, 409 A.2d 467 (1979) we upheld the court of common pleas which had ruled that the Commission had "limited discretion" to modify a penalty imposed by the borough.

may have intentionally restricted the Commission's powers.

Moreover, we are impressed by the fact that the Commission sent the matter back to the Trial Board and even though that body, composed of Appellant's peers, refused to allocate the penalty as requested by the Commission, they, as the body primarily responsible for the decision as to the methods necessary to uphold the morale and efficiency of the fire department and to maintain the public's confidence in them,[2] were convinced that the fighting charge alone warranted the penalty imposed. Since there is no doubt that the Board had the statutory power to reach that result irrespective of the opinion of the Commission and since the Trial Board's decision is ultimately reviewable by the court of common pleas, this Court, and, if further appeal is allowed, by the Supreme Court of Pennsylvania, we cannot say as a matter of law, that the Commission acted improperly when it refused to modify the penalty imposed by the Trial Board.

We concur with the trial court that there is substantial evidence to support the charge of fighting and that the Trial Board did not abuse its discretion under the special circumstances of this case when it imposed the same penalty for the charge of fighting as it did for fighting and insubordination. The insubordination charge, as we have noted, was dismissed by the Commission because of notice problems, not substantive issues. Furthermore, it is apparent to us that the insubordination charge was almost peripheral to the alleged attack by the Appellant on a superior officer.

Having found no abuse of discretion or error of law by the Commission, we affirm.

---

[2] See In Re Baker's Appeal, 409 Pa. 143, 185 A.2d 521 (1962).

ORDER

It is ordered that the order of the Court of Common Pleas of Allegheny County entered June 12, 1981, be and the same is hereby affirmed.

Judge WILLIAMS, JR. dissents.