John J. Herrmann, Appellant *v.* Civil Service Commission of the Borough of Jenkintown et al., Appellees.

John J. Herrmann, Appellant *v.* Civil Service Commission of the Borough of Jenkintown et al., Appellees.

Argued April 5, 1984, before Judges Williams, Jr., MacPhail and Doyle, sitting as a panel of three.

*J. Peirce Anderson,* with him, *Susan Peikes Gantman,* for appellant.

*Frank W. Jenkins,* with him, *George B. Ditter, Jenkins, Tarquini & Jenkins,* for appellee.

OPINION BY JUDGE DOYLE, July 27, 1984:

Before us are cross appeals from an order of the Court of Common Pleas of Montgomery County which modified a decision of the Civil Service Commission of the Borough of Jenkintown (Commission).

Appellant, John J. Herrmann, a police officer for the Borough of Jenkintown, was suspended *indefinitely* by the Borough Council following its determination that he had engaged in misconduct which included: (1) defacement of borough property; (2) socializing and consuming alcohol with a female employee while on duty; (3) drinking on duty; (4) striking a female employee while on duty; and (5) presence on duty with a strong odor of alcohol on his breath. Herrmann appealed to the Commission which, following a hearing, found that only the last charge was proven by substantial evidence. The Commission modified the penalty of indefinite suspension to suspension without pay for the period from the original suspension to the date of the Commission's order, a period of some four and a half months.[1] From this decision both parties took appeals to the court of common pleas, which took no additional testimony. The court of common pleas purported to reinstate the Council's *indefinite* suspension but limited its duration to one year.

In a civil service appeal, when the court of common pleas takes no additional evidence, our scope of review is limited to determining whether the civil service commission abused its discretion or committed error of law. *Borough of Darby v. Coleman,* 47 Pa.

---

[1] Officer Herrmann was initially suspended by the Mayor of Jenkintown on April 8, 1982 and was suspended indefinitely by the Council on April 26, 1982. The Commission order imposed suspension without pay from April 8, 1982 to August 23, 1982, the date of its order.

Commonwealth Ct. 9, 407 A.2d 468 (1979). At issue is the Commission's authority to modify the penalty imposed by Borough Council when the Commission determines that some, but not all, of the charges against the disciplined employee are proven by substantial evidence. Two of our previous cases are directly on point. *Borough of Bristol v. Downs*, 48 Pa. Commonwealth Ct. 46, 409 A.2d 467 (1979) and *Appeal of Zimmett*, 28 Pa. Commonwealth Ct. 103, 367 A.2d 382 (1977). But while not irreconcilable, these two previous cases reached opposite results.

In *Zimmett*, the Council of the Borough of St. Mary's dismissed a police officer for intoxication while on duty and for numerous charges and violations of police policy related to the intoxication incident. The borough civil service commission determined that only the intoxication charge was substantiated by the evidence and reduced the penalty imposed to suspension for 120 days. The commission speculated that had the council considered only the substantiated charge, it would not have imposed a dismissal, and concluded that its penalty was more reasonable. On appeal to this Court, we overturned the commission's modification, holding that the commission's speculation as to what council would or would not have done demonstrated "complete lack of deference to the discretion of those primarily charged with maintaining an efficient and effective police force." *Id.* at 108, 367 A.2d at 384.

In *Borough of Bristol*, a police officer was suspended for three days and demoted from sergeant to patrolman on numerous charges of neglect and violation of duty stemming from his driving two boys home in his patrol car during a severe snowstorm. The borough civil service commission determined that while the officer had violated technical duties of reporting and procedure, the charges of inefficiency,

neglect, disobedience of orders, and conduct unbecoming an officer were not supported by the evidence. The commission also concluded that the penalty imposed by council was excessively disproportionate and imposed a three day suspension instead. On appeal, we acknowledged the precedent of *Zimmett,* but affirmed the commission, reasoning that the modification was within its discretion since the borough had proven only two technical violations against the officer and these had arisen in the performance of a public service.

The facts in the case at bar, of course, fall into the grey area between *Borough of Bristol* and *Zimmett.* The conduct found proven by the Commission here was not a mere violation of procedure stemming from an essentially public spirited incident, as in *Borough of Bristol.* On the other hand, several very serious charges of misconduct cited by the Council in imposing its penalty were found to be unsubstantiated, and the Commission sustained only the least serious of the charges. Such was not the case in *Zimmett* where it was the lesser charges which were found to be unsubstantiated and the serious charge of intoxication while on duty which was sustained. And in *Zimmett* it was noted that the disciplined officer had failed to respond to prior discipline; there is no such indication in the case at bar.

We conclude that the circumstances here are more similar to those in *Borough of Bristol.* The rule of law to be discerned from an analysis of *Borough of Bristol* and *Zimmett* is that the commission must review the charges *de novo* and determine whether the penalty imposed by borough officials is commensurate with the charges sustained by the evidence. Where the charges brought by the borough are found by the commission to be supported by the evidence, the penalty imposed is not otherwise prohibited, and the

selection of the penalty is not arbitrary, discriminatory or an abuse of discretion, the commission may not modify the council's penalty.[2] Where the charges brought are not fully substantiated, however, and/or the penalty imposed by the council is severely disproportionate to any charges which are sustained, the penalty constitutes an abuse of the council's discretion and the commission has authority to modify it.

In the case at bar, the Commission found the more serious charges of misconduct to be unsubstantiated, although the transgression substantiated was clearly a very serious one. In addition, the penalty imposed by the Council was entirely vague. It specified no time limit after which the suspension would cease nor any conditions which Officer Herrmann could satisfy to end the suspension.[3] Under the circumstances, it must be considered excessively disproportionate as punishment for the single charge sustained. *Borough of Bristol.* In accordance with our scope of review, therefore, we find that it was not an abuse of the Commission's discretion to modify the Council's indefinite penalty and impose a definite suspension commensurate with the serious charge sustained. The decision and order of the court of common pleas must therefore be reversed and the order of the Commission reinstated.

## ORDER

Now, July 27, 1984, the order of the Court of Common Pleas of Montgomery County in the above referenced matter, dated December 10, 1982, is reversed and the matter is remanded for reinstatement

---

[2] *Borough of Jenkintown v. Civil Service Commission of Jenkintown*, 84 Pa. Commonwealth Ct. 138,      A.2d      (1984).

[3] Yet the Borough made clear before the Commission and reiterated before this Court that it did not intend to dismiss Officer Herrmann because it recognized his ability as a policeman.

of the decision of the Civil Service Commission of the Borough of Jenkintown. Jurisdiction relinquished.