## In Re: Appeal of Officer Keith Jordan From The Order of The Lower Merion Township Civil Service Commission

*J. Scott O'Keefe,* for appellant.

*Gilbert P. High, Jr.,* for Township of Lower Merion.

BRODY, *J.,* November 4, 1985—This opinion is necessitated by petitioner's appeal of this court's order of July 1, 1985, which dismissed his appeal from the decision of the Civil Service Commission of Lower Merion Township dated January 26, 1983.

## BACKGROUND

Petitioner-appellant Keith N. Jordan (petitioner), is a police officer employed by the Lower Merion

Township Police Department in Montgomery County, Pa. On July 9, 1982, petitioner was working as a patrol officer operating a marked police vehicle. Shortly before 11:00 a.m. on that date, petitioner received a call on his patrol car radio reporting that a silent hold-up alarm had been activated at a nearby supermarket. Petitioner responded to this radio call by activating his patrol car's emergency lights and siren and proceeding north on City Line Avenue toward the location of the purported robbery.

As petitioner's patrol car proceeded north on City Line Avenue, the road surface was dry, and it was a warm, sunlit day. The section of City Line Avenue traveled upon by petitioner is a four-lane, undivided highway with a posted speed limit of 35 m.p.h. Petitioner crested a small hill approximately 285 feet south of the intersection at Conshohocken State Road, affording petitioner his first opportunity to observe the intersection, which was controlled by fully operational traffic signals. At this point, the traffic signal for City Line Avenue was amber.

Petitioner's vehicle was approximately 164 feet away from the intersection when the traffic signal for City Line Avenue changed to red. At this time, petitioner had turned his siren off and, upon seeing the traffic signal change to red, sounded his vehicle's air horn.

As petitioner approached the intersection, there were several stationary automobiles on Conshohocken State Road on either side of the intersection, awaiting the change of the traffic light. After the traffic signal for Conshohocken State Road had changed from red to green, motorist Jack Keller proceeded lawfully across City Line Avenue, unaware of the approaching police vehicle.

Petitioner slowed his vehicle slightly and was about to enter the intersection against the red traffic signal at a speed of approximately 35 m.p.h. when he first saw the Keller vehicle in the intersection. Upon sighting the Keller vehicle, petitioner attempted to brake his vehicle abruptly and steered it to the right, but could not avoid the collision. As a result of this collision, both vehicles were severely damaged and Mr. Keller was injured. Petitioner reported the accident to his supervisors, the Lower Merion Township Police Department, who conducted an investigation pursuant to the rules and regulations of Lower Merion Township.

On September 17, 1982, petitioner was suspended for a period of 30 working days, based upon the facts surrounding the accident. Petitioner appealed this suspension to the Civil Service Commission of Lower Merion Township (commission), which heard the matter on December 14, 1982. The commission sustained the charges and affirmed the suspension, by a two-to-one vote, on January 26, 1983.

Petitioner then appealed the Commission's decision to this court. After oral argument, an order was entered dismissing petitioner's appeal. It is from this order that petitioner now appeals.

## DISCUSSION

### A.  Standard of Review

The First Class Township Code, 53 P.S. §55645, Act of June 3, 1971, P.L. 133, provides that if a police officer is suspended, he or she may demand a hearing before the Civil Service Commission to review the charges. In the event the commission sustains the charges and orders the suspension, the officer can appeal to the court of common pleas,

where "the case shall . . . be determined as the court deems proper."

In making this determination, a court of common pleas is guided by the principle that: "The decision rendered by a civil service commission must be upheld unless there has been a violation of constitutional rights, an error of law, noncompliance with the Local Agency Law, or if any factual finding made by the commission necessary to support its decision is not supported by substantial evidence." Schmidt v. Borough of Baldwin, 82 Pa. Commw. 580, 583, 477 A.2d 572, 574 (1984).

Decisions as to discipline of police officers are properly left to the appropriate municipal authority. In making its determination, this court will not usurp such power, but rather will examine the adjudication of the Civil Service Commission to ensure that its decision is supported by sufficient evidence and reflects no abuse of discretion nor error of law. "It is necessary that both court and commission give due respect and weight to the action of the duly constituted municipal body which is authorized to act with respect to charges against members of the police force." Appeal of Zimmett, 28 Pa. Commw. 103, 107, 367 A.2d 382, 384 (1977).

## B. Petitioner's Allegations

Petitioner contends that this court has erred in upholding the decision of the Civil Service Commission. Initially, petitioner claims that the suspension prior to a hearing was invalid, illegal and unconstitutional as lacking due process.

The First Class Township Code does not mandate a presuspension hearing in order to comport with due process. The suspension may be initially im-

posed and enforced prior to a hearing, provided that a hearing, if sought, is afforded within a reasonable time thereafter. Zimmerman v. City of Johnstown, 27 Pa. Commw. 42, 365 A.2d 696 (1976).

We note that petitioner had the opportunity to confront his accusers, to hear the charges against him, to be represented by counsel, and to present a defense at the time of the commission hearing. We are aware of no case law or regulation to support petitioner's contention that he was entitled to such due-process rights *prior* to being suspended. Accordingly, we find that petitioner was not deprived of his constitutional right to due process, and that his suspension was valid and legal under the First Class Township Code.

Petitioner next complains that the commission erred in failing to order discovery pursuant to the Pennsylvania Rules of Civil Procedure. A municipal employee, such as petitioner, is "clearly not entitled to discovery prior to a Civil Service Commission disciplinary hearing, absent a statute granting such a right." Murphy v. Lower Merion Township, 110 Montg. Co. L.R. 288, 293 (1981). The First Class Township Code does not confer such a right. Id. Additionally, discovery rules are applicable to a court of record, but not to administrative procedures. Id.

Petitioner claims that he was prejudiced by the lack of such prehearing discovery, especially regarding expert testimony. As was previously discussed, petitioner had no statutory right to such discovery. However, he was given full opportunity to cross-examine adverse witnesses, and a review of the record reveals no inability to conduct adequate and meaningful cross examination. Thus, petitioner has not demonstrated that he was prejudiced by a

denial of discovery prior to the commission hearing. See Kennedy v. Electric Heights Housing Association, 61 Pa. Commw. 348, 433 A.2d 639 (1981). In order for a party to obtain sanctions as a result of another party's failure to disclose the identity of an expert witness and the substance of an expert's report, prejudice to the complaining party must be shown. Royster v. McGowen Ford, Inc., 294 Pa. Super. 160, 439 A.2d 799 (1982). Again, we detect no such prejudice. The commission was satisfied that there was no prejudice to petitioner because of the lack of such prehearing discovery, and we find this decision to be supported by sufficient evidence. This court finds no abuse of discretion or error of law by the commission in failing to order the requested discovery.

Petitioner's third allegation is that the Civil Service Commission erred in failing to bifurcate the hearing and in allowing the township to mention alleged prior acts of petitioner's misconduct.

Rule 213(b) of the Pennsylvania Rules of Civil Procedure provides:

"The court, in furtherance of convenience or to avoid prejudice, may, on its own motion or on motion of any party, order a separate trial of any cause of action, claim, or counterclaim, set-off, or cross-suit, or of any separate issue, or of any number of causes of action, claims, counterclaims, set-offs, cross-suits or issues."

This rule allows the court to bifurcate a hearing either to further convenience or avoid prejudice. Bifurcation of the Civil Service hearing into two separate and distinct hearings, in order to determine both the validity of the charges against petitioner and the appropriate disciplinary action, would serve

only to protract and complicate the proceedings, rather than foster judicial efficiency.

Petitioner contends that the introduction of evidence regarding his prior disciplinary record was irrelevant and prejudicial. The prior record of petitioner was considered by the commission only in determining whether the appropriate discipline was imposed under the circumstances, and therefore was relevant. The commission stated that its determination that petitioner was responsible for the accident, insofar as he operated his vehicle in an unsafe manner and failed to drive with due regard for the safety of others using the highway, was based solely on the evidence produced with respect to the incident of July 9, 1982; petitioner's prior disciplinary record was not considered in making that determination. There is clearly sufficient evidence in the record to support the commission's determination. Further, although this court does not find that petitioner was prejudiced by the introduction of his prior record into evidence, any such potential prejudice was clearly outweighed by the procedural convenience of determining all the issues at one time. See Brillhart v. Edison Light and Power Co., 68 D.&C. 48, 62 York 202 (1949). The motion for bifurcation was properly denied.

Petitioner next alleges that the Civil Service Commission erred in validating petitioner's suspension in that the Township of Lower Merion failed to follow their own rules and regulations. Specifically, petitioner claims that the investigation of petitioner by his superiors at the police department should have been completed within 30 days from the date of the complaint.

According to the Township of Lower Merion Police Department's General Order no. 81-21, "Inter-

nal Discipline Complaint Investigations," it is the policy of the police department to investigate all complaints of employee misconduct. Pertinent portions of order no. 81-21 follow:

"III. Investigative Responsibility

"A. The Staff and Inspections Unit Commander shall investigate all complaints received *from the public* and all allegations of criminal conduct and serious internal misconduct. (Emphasis added.)

"IV. Investigation Procedures

"B. All internal discipline investigations shall be concluded 30 days from the date the complaint is made unless an extension is granted by the Superintendent of Police. The complainant and accused employee shall be notified of any delay."

The commission found that order no. 81-21 relates to investigations initiated by complaints against officers from *outside* the police department and not to disciplinary proceedings initiated from within. Therefore, the requirement in the order that such investigations be concluded within 30 days from the date of the complaint is not applicable to the instant case, as the investigation of petitioner's conduct was based on disciplinary proceedings initiated from within the department. Although there was a two-month period between the incident and formal notification to petitioner of his suspension, the commission found that this delay was not unreasonable and that no resulting prejudice to petitioner was shown.

The commission found "ample evidence on the record to suggest that petitioner's superiors acted in

a deliberate and conscientious manner in investigating this incident and in reviewing the totality of the circumstances in arriving at an appropriate sanction." The township was under no duty to give formal notification to petitioner that he was under investigation for the incident. Petitioner was given the appropriate notice of the charges against him and of his suspension; no further process was due. The suspension was valid and consistent with the township's rules and regulations regarding police misconduct. This court finds no abuse of discretion or error of law by the commission in its interpretation of General Order no. 81-21.

As further allegation of error, petitioner claims that the First Class Township Code prohibits the suspension of a police officer for committing the summary offense of failing to operate a motor vehicle at a safe speed. Contrary to petitioner's contention, however, he was not suspended for a violation of any law of the Commonwealth, nor did he receive a citation for any such violation. Rather, petitioner was suspended for "neglect or violation of any official duty" and for "conduct unbecoming an officer" under 53 Pa.C.S. §55644(2) and (4). The Lower Merion Police Department policy regarding pursuit driving, which was distributed to all officers of the department, mandates that police vehicles be operated at all times with due regard to the safety of the officer and those around him. Further, based on the "Manual of Duties and Responsibilities of the Township of the Lower Merion Police Department," the commission could properly have found that petitioner violated his official duty by failing to "safeguard lives and property," and conducted himself in a manner unbecoming an officer since he was not "exemplary in obeying the laws of the land and regulations of the department." Thus, we find that the

suspension of petitioner was not based on a "mere" violation of the Motor Vehicle Code, but rather was consistent with the conditions for suspension provided in the First Class Township Code.

Finally, petitioner alleges that his suspension was not justified under the circumstances, as he was proceeding to a reported robbery alarm where he believed that the public was in great danger.

The emergency doctrine of the Motor Vehicle Code, 75 Pa.C.S. §3105, establishes a conditional privilege which exempts certain vehicles from speed limits and other vehicle code restrictions. The pertinent portions follow:

"3105. Drivers of Emergency Vehicles

"(b) Exercise of special privileges. The driver of an emergency vehicle may:

• • •

"(2) proceed past a red signal indication or stop sign, but only after slowing down as may be necessary for safe operation, except as provided in subsection (d).

"(3) Exceed the maximum speed limits so long as the driver does not endanger life or property, except as provided in subsection (d).

"(c) Audible and visual signals required.

"The privileges granted in this section to an emergency vehicle shall apply only when the vehicle is making use of an audible signal and visual signals meeting the requirements and standards set forth in regulations adopted by the department, except that an emergency vehicle operated as a police vehicle need not be equipped with or display the visual signals."

Petitioner's conduct did not comport with the standard required by section 3105(c) of the Motor

Vehicle Code, in that petitioner turned his siren off before entering the intersection at an excessive rate of speed and driving through a red traffic signal. Furthermore, petitioner was under a department mandate to operate his police vehicle with due regard to the safety of himself and those around him. Petitioner's conduct not only created a harmful situation to others, but also caused his inability to arrive at the scene of the alleged robbery in time to prevent it. Therefore, we find that the commission's suspension of petitioner was justified under the circumstances.

## CONCLUSION

We conclude that the decision of the Civil Service Commission was supported by the evidence and is within the bounds of both discretion and the law. This conclusion gives appropriate respect to the decision of the municipal body which is authorized to act with respect to charges against members of the police force. Zimmett, supra, 28 Pa. Commw. at 103, 367 A.2d at 382.

Accordingly, this court's order dismissing the appeal of Keith N. Jordan from the decision of the Civil Service Commission of Lower Merion. Township should be affirmed.