Lower Merion Township, Appellant, *v.* Turkelson.

Argued May 5, 1959. Before Jones, C. J., Bell, Jones, Cohen and McBride, JJ.

*Edmund B. Spaeth, Jr.,* with him *John E. Forsythe,* Township Solicitor, and *Wright, Mauck & Spencer,* for appellant.

*Frederick B. Smillie,* for appellee.

Opinion by Mr. Justice Bell, July 2, 1959:

This is an appeal from the Order of the Court of Common Pleas of Montgomery County reversing the Order of the Lower Merion Township Civil Service Commission. The facts may be briefly stated.

On December 19, 1957, Mr. Hotchkiss, acting for the Agnes Irwin School, took a Christmas envelope containing five ten dollar bills to the Lower Merion Township Police Headquarters, and handed the envelope to Patrolman Turkelson, the appellee. The envelope was addressed to "Lower Merion Township Police". At the time Turkelson was in uniform, and on duty on the police switchboard.

About two months later, Mrs. Hotchkiss asked another Lower Merion Township patrolman to have Turkelson send the school a letter of acknowledgment. When informed of this, Turkelson said he would straighten the matter out.

On March 5, 1958, G. A. McLaughlin, the Superintendent of the Lower Merion Police, received a telephone call from Mrs. Hotchkiss, asking for a receipt for the money. The Superintendent referred the matter to Captain Clarence E. Robb to investigate. Captain Robb spoke to Patrolman Turkelson the next morning and Turkelson acknowledged that he had received the envelope. He said that he still had it at home unopened. On March 7, 1958, he handed Captain Robb five ten dollar bills with the statement that he had not known there was so much money in the envelope. Thereupon Captain Robb filed a charge against Patrolman Turkelson alleging that he had been guilty of a corrupt practice in that he failed to account for money received by him in his official capacity. The Superintendent approved the charge and Patrolman Turkelson was suspended from duty as of March 7, 1958. After a full hearing the Civil Service Commission found Turkelson guilty of the corrupt practice charged, and pursuant to the *mandate** of the Township's Police Code of Disci-

---

* The Civil Service Law of June 24, 1931, P.L. 1206, Article VI, §644 and §645, gives the Commission power to suspend, remove or reduce in rank, subject to a right of appeal to the Court of Common Pleas. The First Class Township Code, §625, provides that no person shall hereafter be suspended, removed or reduced in rank except in accordance with the provisions of the Civil Service Law. Nevertheless, the Board of Township Commissioners, pursuant to the provisions of §1401 and §1405 of Article XIV of the First Class Township Code, issued on November 19, 1941 a "Code of Discipline governing the conduct of members of the Police Department of Lower Merion Township". Under that Code failure of a member of the Police Department to account for any money received by him "shall be punished by immediate removal". It is not necessary for us to decide whether the Township Commissioners could make such punishment mandatory, or whether the Civil Service Commission could exercise its independent judgment and discretion in punishing a violation of an offense denominated "corrupt practice".

pline removed him from the force as of the date of his suspension.

On appeal to the Court of Common Pleas, the hearing Judge agreed with the Civil Service Commission that Turkelson knowingly received the $50 and knew he had no right to keep it and knew that it was intended for the policemen who worked around the school.

Turkelson had been on the Police Force over 15 years. Section 1408 of Article XIV of the Act of June 24, 1931, P. L. 1206 as amended (53 PS §56408) makes it unlawful "for any such policeman to charge or accept any fee or other compensation, in addition to his salary for any service rendered or performed by him of any kind or nature whatsoever pertaining to his office or duties as a policeman, except public rewards and the expenses incurred in the discharge of his duties".

Notwithstanding this Act, the Superintendent of Police, pursuant to instructions of the Board of Township Commissioners "informed the members of the Lower Merion Township Police Department that during the Christmas season they would be permitted to accept the usual Christmas presents if they are offered." Turkelson's position as "board man" for the last five years prevented him from receiving Christmas gifts which were payable to officers on the beat. The hearing Judge and the Court en banc felt that under all the circumstances of the case—including Turkelson's length of service of over 15 years on the Police Force, his seniority rights, his pension rights and the doubtful propriety of the general order allowing policemen to accept Christmas gifts—the punishment imposed by the Commission was too severe. Thereupon, the lower Court reinstated Patrolman Turkelson as of June 1, 1958. The net effect of this Order was to suspend Turkelson without pay for slightly less than three months.

The lower Court based its Order on the Act of June 24, 1931, P. L. 1206, §645, Article VI, as amended, 53 PS §55645, which provides: "In the event the commission shall sustain the charges and order the suspension, removal or reduction in rank, the person suspended, removed or reduced in rank shall have immediate right to appeal to the court of common pleas of the county and the case shall there be determined *as the court deems proper** . . . Upon such appeal being taken . . ., the court of common pleas . . . shall proceed to hear the appeal on the original record and such additional proof or testimony as the parties concerned may desire to offer in evidence. The decision of the court affirming or reversing the decision of the commission shall be final and the employe shall be suspended, discharged, demoted or reinstated in accordance with the order of the court . . . ."

The statute clearly gives the Court of Common Pleas full discretion to affirm, reverse or modify the action of the Civil Service Commission. The lower Court undoubtedly had jurisdiction; the proceedings were regular; and no excess powers were exercised: *Dauphin Deposit Trust Co. v. Myers*, 388 Pa. 444, 130 A. 2d 686.

Order affirmed.

---

\* Italics, ours.