Joseph Eppolito, Appellant, *v.* Bristol Borough Appellee.

Bristol Borough, Appellant, *v.* Joseph Eppolito, Appellee.

Argued April 4, 1975, before Judges KRAMER, WIL-
KINSON, JR., and BLATT, sitting as a panel of three.

*Peter J. Verderame,* for Joseph Eppolito.

*Richard M. Snyder,* with him *Begley, Carlin, Mandio,
Kelton & Popkin,* for Borough of Bristol.

OPINION BY JUDGE WILKINSON, May 16, 1975:

This cross-appeal comes to this Court as a result of
the dismissal of Joseph Eppolito from his position as a
police officer in the Borough of Bristol. On January 18,
1974, Eppolito's car was removed from a no-parking
zone in the City of Philadelphia. Upon investigation of
the license plate affixed to that car, the Philadelphia
police determined that the license plate had been reported
as stolen or missing by a resident of Bristol Borough on
or about May 31, 1973.

As a result of this incident, Eppolito was charged with "conduct unbecoming an officer, neglect of an official duty, inefficiency, disobedience of orders, and violations of a law which violation constitutes a misdemeanor or felony."[1] The evidence showed that Eppolito had found the plate while on duty in the Borough, but took no measures to determine who owned the plate or how it became lost. The car to which Eppolito had affixed the license plate had been bought by Eppolito in New Jersey and brought into Pennsylvania without payment of sales tax and title charges, and did not have a valid Pennsylvania inspection and certificate of title or registration. Apparently Eppolito had been using the license plate to his other car, as well as the license plate he had found, on the car purchased in New Jersey.

After holding hearings, the Bristol Borough Civil Service Commission upheld the dismissal voted by the Borough Council. On appeal to the Court of Common Pleas of Bucks County, that court, after taking additional evidence, reduced the dismissal penalty to a one-year suspension. Both parties have appealed to this Court.

In exercising our scope of review in this case, we must examine the testimony to determine whether the findings are supported by the evidence or whether the court was guilty of an abuse of discretion or an error of law. *Albano v. Civil Service Commission of the Borough of McAdoo,* 13 Pa. Commonwealth Ct. 333, 320 A.2d 385 (1974). The lower court determined, and we agree, that two specific reasons for disciplinary action under Section 1190 of the Borough Code, 53 P.S. §46190, were applicable in the instant case: neglect or violation of an official duty; and conduct unbecoming an officer.

---

1. These charges were in accordance with the discipline provisions for Civil Service employees contained in Section 1190 of the Borough Code, Act of February 1, 1966, P. L. (1965) 1656, *as amended,* 53 P. S. §46190.

The court found the charge of neglect or violation of an official duty was amply supported by the fact that Eppolito failed to report and investigate the circumstances surrounding the finding of the license plate. This fact is uncontested. Even though there was no formal departmental procedure promulgated for checking license plates, Eppolito testified he was aware of and had previously used a procedure to obtain information of ownership of license plates. Clearly, lack of a formal procedure cannot be justification for failure to take action when such action is accepted police procedure and dictated by common sense.

The charge of conduct unbecoming an officer can likewise be supported by clear evidence on this record. Our Supreme Court has defined conduct unbecoming an officer as:

"... any conduct which has a tendency to destroy public respect for municipal employees and confidence in the operation of municipal services. It is not necessary that the alleged conduct be criminal in character nor that it be proved beyond a reasonable doubt." *Zeber Appeal,* 398 Pa. 35, 43, 156 A.2d 821, 825 (1959).

Both the Civil Service Commission and the court below properly found that Eppolito's conversion and illegal use of a "missing" license plate would destroy the respect and confidence of the public in that officer and the police department he represents. Again, the fact that he used the plate is uncontested. Eppolito's argument that his conduct was personal action, performed out of uniform and off duty, is not persuasive. Off duty conduct may properly be considered in a charge of conduct unbecoming an officer. *See Baker Appeal,* 409 Pa. 143, 185 A.2d 521 (1962). Nor does the fact, alleged by Eppolito, that other lost or stolen plates may have been used by members of the department for surveillance activity change the result. The fact that others may have been engaged in

actions similar to those of Eppolito (and, incidentally, may also be guilty of conduct unbecoming an officer), does not justify Eppolito's conduct. In addition, the argument overlooks what the court below properly characterized as the "more reprehensible" aspect of Eppolito's conduct, i.e., his *personal flaunting of the law for his own convenience.*

Eppolito next argues that the evidence which forms the basis for the findings of fact and the opinion of the court below was improperly adduced from Eppolito himself in violation of his right not to testify against himself. In support of this position, he cites *Gardner v. Broderick,* 392 U. S. 273 (1968), and *Uniformed Sanitation Men Association v. Commissioner of Sanitation of the City of New York,* 392 U. S. 280 (1968). We disagree. Even if Eppolito had not waived this right by voluntarily testifying, it is clearly proper to question a municipal employee about his actions or the performance of his duty where, as here, no attempt was made to coerce him to relinquish his constitutional rights. *Uniformed Sanitation Men Association, supra.* We hold that this evidence was properly received.

In their appeal, the Borough claims as error the modification of the penalty by the court below which found the charges were substantiated by the evidence, but concluded that dismissal was too harsh a penalty and ordered a one-year suspension. It is well settled that the court below had discretion to modify the action of the Civil Service Commission. *Lower Merion Township v. Turkelson,* 396 Pa. 374, 152 A.2d 724 (1959). However, in so doing in this case, we believe the court has improperly usurped the function of the employing body. As Justice COHEN stated in *Baker, supra,* 409 Pa. at 147, 185 A.2d at 523:

> "The function of the courts is merely to make sure that just cause for dismissal exists, both factually and legally, and that the municipality officials have not

abused their discretion in imposing the punishment in question. It is *not* our function to decide what we would have done under the circumstances if we had been [the officer's] superiors." (Emphasis in original.)

The Borough Council, acting as Eppolito's "employer," exercised its discretion to dismiss him. Under the circumstances of this case, this was not an abuse of that discretion to decide they did not want to have as a police officer a man who had acted as Eppolito had. As Judge RUFE of the court below so aptly stated:

". . . the public has every right to expect its police officers to abide by all the rules, regulations and laws that apply to all citizens. If anything the public has a right to expect a higher standard of conduct from its law enforcement officers, certainly not a less law abiding standard as Eppolito indicated."

Since there was substantial evidence to support the charges, and since Borough Council did not abuse its discretion in ordering dismissal, we find the lower court was in error in modifying the penalty.

Accordingly, we enter the following

### ORDER

Now, May 16, 1975, the order of the Court of Common Pleas of Bucks County, dated June 6, 1974, is modified to sustain the dismissal of Joseph Eppolito and, as modified, is affirmed.