Re: Appeal of Reuben Fuller, Reginald Foster and James DiBenedetto from sixty days suspension without pay from the police force of the Borough of Aliquippa, Beaver County, Pennsylvania.

The Borough of Aliquippa, Appellant.

Argued May 6, 1976, before President Judge BowMAN and Judges MENCER and ROGERS, sitting as a panel of three.

*Joseph M. Stanichak,* for appellant.

*John A. Havey,* with him *Havey and Neff,* for appellees.

OPINION BY PRESIDENT JUDGE BOWMAN, June 9, 1976:

This is an appeal by the Borough of Aliquippa from an order of the Court of Common Pleas of Beaver County, dated September 17, 1975, which modified an order of the Civil Service Commission of the Borough of Aliquippa. The Commission had ordered the suspension of three police officers (appellees herein) for a period of 60 days. On appeal the Court of Common Pleas took additional testimony, and, after finding the Commission's action to be proper with respect to the merits of the appeal, the Court found that the Commission had abused its discretion in imposing the 60-day suspensions. The Court reduced the suspensions to 15 days.

The only issue is whether the Court of Common Pleas had the power to reduce the suspensions. Such

authority as the Court had must be found in Section 1191 of The Borough Code, Act of February 1, 1966, P.L. (1965) 1656, *as amended*, 53 P.S.§46191, which reads in pertinent part as follows: ''All parties concerned shall have immediate right of appeal to the court of common pleas of the county, and the case shall there be determined *as the court deems proper*. . . . Upon such appeal being taken and docketed, the court of common pleas shall fix a day for a hearing and shall proceed to hear the appeal on the original record and such additional proof or testimony as the parties concerned may desire to offer in evidence. The decision of the court affirming *or revising* the decision of the commission shall be final, *and the employe shall be suspended*, discharged, demoted or reinstated *in accordance with the order of court.''* (Emphasis added.)

Preliminarily, we note that our scope of review is to determine whether the *court* was guilty of an abuse of discretion or an error of law. *Eppolito v. Bristol Borough,* 19 Pa. Commonwealth Ct. 99, 339 A.2d 653 (1975).

The parties devote most of their argument to a disagreement over the meaning of *Baker Case,* 409 Pa. 143, 185 A.2d 521 (1962), where the Supreme Court discussed the power of a court of common pleas under Section 8 of the Act of August 10, 1951, P.L. 1189, *as amended*, 53 P.S. §23538, relating to cities of the second class.[1] In *Baker*, the Court held that the func-

---

[1] The relevant language reads as follows: "In the event the decision shall be modified or sustained by the civil service commission, the person penalized shall have the right to appeal, by petition to the court of common pleas of the county, within thirty days after receipt of written notice of such action by the civil service commission. It shall be the duty of the civil service commission to give such notice. In every case so appealed to the court of common pleas of the county, the court shall hear the charges made against the

tion of the courts was "merely to make sure that just cause for dismissal exists . . . and that the municipal officials have not abused their discretion in imposing the punishment in question." 409 Pa. at 147, 185 A.2d at 523. The statutory language at issue in *Baker* did *not* contain allowance for the Court of Common Pleas to determine the case "as the court deems proper." In this respect the statutory law with respect to cities of the second class differs from the Borough Code quoted above, and *Baker* is distinguishable.

In *Lower Merion Township v. Turkelson,* 396 Pa. 374, 152 A.2d 724 (1959), decided shortly before *Baker, supra,* the Supreme Court held that under the statutory language applicable to townships of the first class, which gave the court authority to determine the case "as the court deems proper," a modification of the penalty originally imposed by the Civil Service Commission was not error. We are bound by *Lower Merion* and deem it to be controlling. We commented on *Lower Merion* in *Banks v. Board of Commissioners of Upper Moreland Township,* 7 Pa. Commonwealth Ct. 393, 298 A.2d 923 (1973) where we acknowledged the significance of the words "as the court deems proper" and noted that such language gives the court "full discretion to modify" penalties. *See also Township of Upper Moreland v. Mallon,* 9 Pa. Commonwealth Ct. 618, 309 A. 2d 273 (1973).

Although the parties have not cited *Eppolito, supra,* we recognize that in *Eppolito* we found guidance in *Baker, supra,* even though *Eppolito,* like the instant

accused de novo. Notice of the taking of such appeal shall be served on the city solicitor within ten days following the taking of the appeal. The court shall fix a time and place for hearing, shall make findings of fact and conclusions of law, and file a decision. *The issue before the court shall be whether the action of the trial court shall be affirmed or modified in any respect* or whether the charges should be dismissed. (Emphasis added.)

case, arose under the Borough Code. We read the result in *Eppolito* to be consistent with the view that under the Borough Code a court of common pleas may modify a penalty because even under the "as the court deems proper" language the court cannot have total, unfettered discretion. In *Eppolito* the officer was found to have used a stolen license plate on his personal vehicle, the vehicle itself having been brought into Pennsylvania without payment of taxes and title charges and without a valid inspection or registration. Eppolito's conduct was obviously very grave and, accordingly, he was dismissed from the force. The court modified this penalty and imposed a one-year suspension. We held that "[u]nder the circumstances of [that] case" the modification was error. 19 Pa. Commonwealth Ct. at 104, 339 A.2d at 656. In essence, in *Eppolito* we held that the court had abused its discretion in modifying what was admittedly a discretionary decision by the Civil Service Commission.

In light of the above discussion, we conclude that the broad language of Section 1191 of the Borough Code, 53 P.S. §46191, empowers a court of common pleas to modify a penalty imposed by a borough civil service commission, as long as the court itself does not thereby commit an abuse of discretion. The Borough's argument consists solely of the assertion that the trial court lacked the power to make a judgment with respect to the suspensions, and the Borough does not suggest that the exercise of such power, if permitted, was an abuse of the court's discretion under the facts of this case.

Order affirmed.

Judge KRAMER did not participate in the decision in this case.