Charles P. Reichenbach, Appellant *v.* Civil Service Commission of the Borough of Wilkinsburg, Appellee.

Civil Service Commission of the Borough of Wilkinsburg, Appellant *v.* Charles P. Reichenbach, Appellee.

Argued May 9, 1980, before Judges MENCER, BLATT and MACPHAIL, sitting as a panel of three.

*James E. Mahood,* for Charles P. Reichenbach.

*James M. McElfish,* for Borough of Wilkinsburg.

OPINION BY JUDGE MENCER, August 5, 1980:

Before the Court are the cross appeals of Charles P. Reichenbach (Reichenbach) and the Civil Service Commission of the Borough of Wilkinsburg (Commission) from a decision of the Court of Common Pleas of Allegheny County which modified the Commission's dismissal of Reichenbach to a 19-month suspension without pay.

Reichenbach was employed as a fireman for the Borough of Wilkinsburg from June 2, 1964 to June 26, 1977. During this period, he accumulated a total of 648 absences, all but 18 of which were medically excused. On June 26, 1977, he was again absent — this time because the night before he had hit his head during a fight in a bar. As a result of this fight and Reichenbach's record of absenteeism, the chief of the fire department recommended Reichenbach's dismissal. The borough council subsequently passed a resolution terminating Reichenbach, which was affirmed by the

Commission. On appeal, the lower court sustained the determination of the Commission that Reichenbach had committed serious misconduct on June 26, 1977 which warranted discipline under Section 1190 of The Borough Code (Code), Act of February 1, 1966, P.L. (1965) 1656, *as amended*, 53 P.S. §46190, but concluded that the Commission erred in considering Reichenbach's past absences when imposing the penalty of dismissal. Consequently, the lower court modified the penalty to a suspension. The parties' cross appeals followed.

The Commission contends that, while the lower court correctly found punishable conduct, it abused its discretion by modifying Reichenbach's dismissal to a suspension.[1] Reichenbach acknowledges that his conduct adversely affected his employer's interest and could thus be properly faulted but contends that the lower court erred in suspending him for more than one year.

Since there is no question that Reichenbach's conduct was culpable, we turn to the more difficult question of whether the lower court properly refused to consider Reichenbach's prior work record in determining an appropriate penalty. Following *Lower Merion Township v. Turkelson*, 396 Pa. 374, 152 A.2d 724 (1959), we held, in *Re: Appeal of Fuller*, 25 Pa. Commonwealth Ct. 116, 119, 358 A.2d 756, 757 (1976),

---

[1] The Commission incorrectly relies on *Appeal of Zimmett*, 28 Pa. Commonwealth Ct. 103, 367 A.2d 382 (1977), for the scope of review. Unlike the present case, which involved the lower court's modification of a penalty imposed by the Commission, *Zimmett* involved the Commission's modification of a penalty imposed by borough officials. Where, as here, the lower court has modified a penalty, the proper scope of review is stated in *Eppolito v. Bristol Borough*, 19 Pa. Commonwealth Ct. 99, 101, 339 A.2d 653, 655 (1975): "whether the findings are supported by the evidence or whether the court was guilty of an abuse of discretion or an error of law."

that, under Section 1191 of the Code, 53 P.S. §46191, the lower court has " 'full discretion to modify' penalties." Although we certainly do not interpret "full discretion" to mean total, unfettered discretion, *id.* at 120, 358 A.2d at 757, we recognize that the lower court's scope of review is broad, allowing the court to revise a decision by the Commission as long as it does not abuse its discretion in doing so. *Crawford v. Borough of Lewisburg*, 42 Pa. Commonwealth Ct. 260, 401 A.2d 385 (1979). Here, the lower court concluded that the Commission should not have considered Reichenbach's prior absences because there was no evidence that they were obtained fraudulently, nor was there any evidence of prior misconduct for which Reichenbach was formally disciplined.[2] In light of this absence of previous disciplinary action, we agree that the alleged prior misconduct should not have been considered. *See Ditko Appeal*, 385 Pa. 435, 123 A.2d 718 (1956); *Borough of Bristol v. Downs*, 48 Pa. Commonwealth Ct. 46, 409 A.2d 467 (1979). We therefore conclude that the lower court did not abuse its discretion in reducing Reichenbach's penalty from dismissal to suspension.

We also conclude that the lower court did not abuse its discretion or commit an error of law by suspending Reichenbach for 19 months. Although Section 1191 of the Code limits suspension orders by the *Commission* to a one-year period, it places no such limitation on the reviewing court. Rather, Section 1191 allows the lower court to decide the case as it "deems proper," which has been construed to give the court "full discretion." *Lower Merion Township v. Turkelson, supra; Re: Appeal of Fuller, supra.*

---

[2] Although there is some evidence on the record that Reichenbach was warned informally that his termination was being considered because of his absences, no formal warning had been issued or included in his personnel file.

Finally, we note that Reichenbach has argued that the Borough of Wilkinsburg failed to comply with the notice requirements of Section 1190 of the Code. We will not address this issue since it was not raised below and has thus been waived. Pa. R.A.P. 302(a).

Order affirmed.

#### ORDER

AND Now, this 5th day of August, 1980, the order of the Court of Common Pleas of Allegheny County, dated February 26, 1979, pertaining to Charles P. Reichenbach, is hereby affirmed.

#### ORDER

AND Now, this 5th day of August, 1980, the order of the Court of Common Pleas of Allegheny County, dated February 26, 1979, pertaining to Charles P. Reichenbach, is hereby affirmed.