Appeal of: Harry S. Hodgins, Appellant *v.* Civil Service Commission, Borough of Wilkinsburg, Appellee.

Argued November 20, 1980, before Judges WILKIN-SON, JR., MACPHAIL and WILLIAMS, JR., sitting as a panel of three.

*Stanford A. Segal, Gatz, Cohen, Segal and Koerner, P.A.,* for appellant.

*Samuel H. Elkin, Reed, Smith, Shaw & McClay,* for appellee.

OPINION BY JUDGE WILLIAMS, JR., March 13, 1981:

Harry S. Hodgins has appealed to this Court from an order of the Court of Common Pleas of Allegheny County which affirmed his dismissal as police chief of the Borough of Wilkinsburg (Borough). The court below heard the matter on Hodgins' appeal to that court from a decision of the Borough Civil Service Commission (Commission) upholding his dismissal by the Borough Council.

Appellant Hodgins served as Borough police chief from 1973 until October 1978, when he was dismissed by the Borough Council on charges of neglect of duty and inefficiency. Hodgins appealed that action to the Commission, which, after several hearings, affirmed the dismissal.

The decision of the Commission was based on its finding (1) that Hodgins had neglected his duties as police chief by failing for a period of five years to institute a much-needed training program for the Borough's police force; (2) that he had neglected his duties as police chief by failing to exercise proper supervision of his police officers; and (3) that such neglect justified dismissal. Upon Hodgins' appeal from the Commission's decision to the court below, the matter was determined on the basis of the record made before the Commission and on additional testimony. When the court below affirmed the dismissal, the appeal to this Court followed.

Section 1190(4) of The Borough Code[1] authorizes the suspension or removal of a borough police employee for inefficiency or neglect. Appellant Hodgins argues to this Court that the Borough Council did not present sufficient evidence to warrant his dismissal from the police force. He also argues that the lower court misconceived its full scope of review and legal power when it affirmed the dismissal.

The appellant's evidential challenge is somewhat ambiguous: it is not clearly stated whether he is contesting the sufficiency of the evidence to support the charges of neglect, or the sufficiency of the evidence to warrant the penalty of dismissal. However, since the relief the appellant expressly prays for from this Court is a remand for the lesser penalty of suspension in lieu of the dismissal, it may be assumed that his evidential challenge is directed to the degree of penalty. In either event, it is our conclusion that the evidence was sufficient to support the neglect-of-duty charges and the dismissal.

There being no contest of the lower court's jurisdiction or the regularity of the proceedings, our scope

---

[1] Act of February 1, 1966, P.L. (1965) 1656, *as amended,* 53 P.S. §46190(4).

of review in this case is to determine, by examination of the testimony, whether the findings are supported by the evidence or whether the lower court was guilty of an abuse of discretion or an error of law. *Eppolito v. Bristol Borough,* 19 Pa. Commonwealth Ct. 99, 339 A.2d 653 (1975); *Albano v. Civil Service Commission of McAdoo,* 13 Pa. Commonwealth Ct. 333, 320 A.2d 385 (1974).

Testimony from police officers and personnel before the Commission was sufficient to show the following: When appellant Hodgins assumed the office of police chief in 1973 the training level of the Borough police force was seriously low. Hodgins himself recognized that condition and called for a department-wide program to raise the level of training.

In 1974 he appointed an Officer Rau to act as training officer, but never acted on any of Rau's proposals or recommendations for a training program. Rau had submitted to Hodgins proposals and a written outline for a program that could have been implemented in harmony with budgetary considerations. In 1975 the Borough engaged the Pennsylvania Economy League to conduct a study of the police department and to make recommendations for improvement. That study concluded that training was weak and recommended the implementation of a training program that would set forth stated goals and objectives.

Despite the efforts of Officer Rau and the Pennsylvania Economy League, no training program was ever instituted by Hodgins during his five years as police chief. There was testimony that the training deficiencies of the police force even included inadequate training in firearms and first aid.

Concerning the charge of inadequate supervision, the custodian of records and evidence testified that during Hodgins' term as police chief records were tampered with, and that evidence, drugs, weapons, and

personal property were improperly removed. This witness added that, despite numerous complaints to Hodgins about the security problem, the police chief took no remedial steps.

Based on the above evidence, we agree with the lower court that the record below supported the Commission's findings of neglect of duty and the finding that the appellant's dismissal was justified.

The appellant next argues that the lower court misconceived its scope of review and considered only whether or not the Borough Council abused its discretion in imposing the penalty of dismissal. He argues that the lower court ignored its power under Section 1191 of The Borough Code to modify the penalty imposed by a borough council or civil service commission.[2] In so arguing, the appellant extracts the following language from the lower court's opinion:

Viewing the questions presented herein whether the Borough Council, responsible for the police department, abused their discretion in dismissing the Appellant, we cannot say that they have done so under the circumstances presented in this case, *even though we might have imposed a suspension rather than a dismissal had the responsibility for such decision been placed in our hands as an original matter.* (Emphasis added.)

Relying on the emphasized portion of the above language, the appellant contends that the lower court actually determined that he should have been suspended instead of dismissed, but ignored its power under

_____

[2] 53 P.S. §46191. This Section provides in pertinent part that:

All parties concerned shall have immediate right of appeal to the court of common pleas of the county, and the case shall there be determined *as the court deems proper.* (Emphasis added.)

Section 1191 to reduce his penalty. Our reading of the lower court's opinion reveals no such misconception of its proper scope of review; and the appellant's argument in that regard provides no basis for appellate relief.

We have construed Section 1191 to mean that a court of common pleas is empowered to modify the penalty imposed by a borough council or civil service commission only if the court in so doing does not itself commit an abuse of discretion. *Crawford v. Borough of Lewisburg,* 42 Pa. Commonwealth Ct. 260, 401 A.2d 385 (1979); *Re: Appeal of Fuller,* 25 Pa. Commonwealth Ct. 116, 358 A.2d 756 (1976); *Eppolito, supra.* And, in the *Eppolito* case, we held that when there is substantial evidence to support the charges and the borough council has not abused its discretion in ordering a dismissal, it is error for a court of common pleas to modify the penalty. Applying these legal principles to the instant case, we conclude that the lower court properly left standing the penalty imposed on appellant Hodgins.

Despite the trial judge's dictum as to what penalty he might have imposed had the responsibility been his "as an original matter," it is clear that the lower court's actual decision was a proper exercise of its scope of review: to decide whether there was substantial evidence to support the charges and whether the Borough Council abused its discretion. The lower court was no doubt mindful, as are we, of what the Supreme Court of Pennsylvania said in *Baker Case,* 409 Pa. 143, 147, 185 A.2d 521, 523 (1962):

> The function of the courts is merely to make sure that just cause for dismissal exists, both factually and legally, and that the municipal officials have not abused their discretion in imposing the punishment in question. It is *not* our function to decide what we would have done

480

under the circumstances if we had been [the officer's] superiors. (Emphasis in original.)

For the reasons set forth, we affirm the order of the lower court.

## ORDER

AND Now, the 13th day of March, 1981, the order of the Court of Common Pleas of Allegheny County in the above matter, dated August 16, 1979, is affirmed.