Joseph Skrzysowski, Appellant *v.* Anthony Attardo, Walter Shandra and John Reardon, Supervisors of Pittston Township, Appellees.

Argued September 17, 1981, before President Judge CRUMLISH, JR. and Judges CRAIG and MAC-PHAIL, sitting as a panel of three.

*Harry P. Mattern,* for appellant.

*Patrick E. Dougherty,* for appellees.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., January 6, 1982:

Joseph Skrzysowski appeals a Luzerne County Common Pleas Court decision which affirmed his dismissal from the Pittston Township police force. We affirm.

In July 1976 Skrzysowski was notified by letter of his dismissal from the police force for: 1) neglect of duty; 2) failure to comply with the Police Training Act;[1] and 3) conduct unbecoming an officer. After extensive hearings before the Pittston Township Board of Supervisors, the Board affirmed Skrzysowski's discharge based on the letter of dismissal and four additional factors, which the Board set forth in its findings of fact.

Our scope of review under the Police Tenure Act[2] is the same scope of review as under the Borough Code or First Class Township Code, *In Re: Appeal of Redo,* 42 Pa. Commonwealth Ct. 468, 401 A.2d 394 (1979). Where the court below has taken no additional evidence[3] we are limited to a determination of whether the Board abused its discretion or com-

---

[1] Section 9 of the Act of June 18, 1974, P.L. 359, 53 P.S. §748.

[2] Section 1 of the Act of June 15, 1951, P.L. 586, *as amended,* 53 P.S. §811.

[3] Skrzysowski contends that the lower court should have made a "de novo" review rather than limiting its review to whether the Board had abused its discretion or committed an error of law. This is clearly not the case. Under our holding in *In Re: Appeal of Redo, supra* the lower court's scope of review of a Board finding is "as the court deems proper," thus the taking of additional evidence is discretionary.

mitted an error of law, *Appeal of Zimmett*, 28 Pa. Commonwealth Ct. 103, 367 A.2d 382 (1977).

The lower court reviewed the evidence presented before the Board and held that the charges made in the letter were too broad to support the additional findings made by the Board. However, the court concluded that the reasons for dismissal outlined in the letter were specific enough to warrant Skrzysowski's discharge and further that these combined charges were supported by substantial evidence and warranted Skrzysowski's discharge.[4] We agree.

The lower court clearly has made no error of law nor abused its discretion. Affirmed.

ORDER

The decision of the Luzerne County Common Pleas Court, No. 37, 1977, is affirmed.

This decision was reached prior to the expiration of the term of office of Judge PALLADINO.

---

[4] The lower court concluded:

The termination letter of July 1, 1976, and the testimony presented at the hearing, clearly indicate that it was a combination of Skrzysowski's failure to obey orders of the Chief to satisfy the requirements of the Police Training Act, together with his failure to prosecute the Lumley case, and his impersonation of the Police Chief for purposes of fixing a ticket that were responsible for his termination.