Township Manager of the Township of Falls, Appellant *v.* Nicholas Striluk, Appellee.

Argued April 11, 1985, before Judges MacPhail and Barry and Senior Judge Barbieri, sitting as a panel of three.

*Stephen J. Springer, Labrum and Doak,* for appellant.

*William L. Goldman, Jr.,* with him, *William F. Coyle,* for appellee.

Opinion by Judge MacPhail, June 3, 1985:

The Township of Falls (Township) and the Board of Township Supervisors (Board) appeal here from an order of the Court of Common Pleas of Bucks County directing the Board to reinstate Officer Nicholas Striluk (Appellee) to his former position on the Township's police force with three (3) months back pay. We affirm.

The relevant facts are undisputed. On May 19, 1983, Appellee was involved in an automobile accident while off-duty. As a result of the accident, Appellee

was charged with violating Section 3731 of the Vehicle Code, 75 Pa. C. S. §3731.[1] The Township's Chief of Police suspended Appellee from duty, charging him with (1) committing a misdemeanor and (2) conduct unbecoming an officer. A hearing was held on May 31, 1983. On June 9, 1983, the Board resolved to suspend Appellee for nine (9) months without pay, effective May 31, 1983.[2]

Appellee appealed, and the trial court ordered a hearing for the express purpose of presentation of supplemental testimony. On the date of the hearing, however, the trial court stated that a de novo hearing would be held. The Board did not object but requested a continuance, which was denied. At the conclusion of the de novo hearing, the trial court sustained the Board's determination that Appellee had committed serious misconduct which warranted discipline but modified the penalty imposed.

In this appeal, the Board presents two issues for our review: (1) whether the trial court erred in conducting a de novo hearing and (2) whether the trial court erred in modifying the penalty.

The Board argues that the trial court exceeded its scope of review in conducting a de novo hearing, citing to our decision in *Lower Providence Township v. Nagle*, 79 Pa. Commonwealth Ct. 322, 469 A.2d 338 (1984). In *Nagle*, we held that Section 754(b) of the Local Agency Law (Law), 2 Pa. C. S. §754(b) defined the court of common pleas' scope of review where a full and complete record of the proceedings before the

---

[1] Appellee was subsequently placed on probation and entered in the Accelerated Rehabilitation Disposition (ARD) program.

[2] Appellee was suspended from his position pursuant to the authority granted in Section 2 of the Police Tenure Act (Act), Act of June 15, 1951, *as amended*, 53 P.S. §812. The Act provides that the suspended employee has the right to appeal to the court of common pleas. Section 5 of the Act, 53 P.S. §815.

local agency is made.[3]  We reasoned that "since a full and complete transcript of the proceedings before the Board on the issues that were properly raised there, *was forwarded to the court,* we must conclude that the court improperly heard the appeal de novo." 79 Pa. Commonwealth Ct. at 329, 469 A.2d at 342 (emphasis added). In the instant case, the trial court specifically noted that "[f]or reasons unknown to us, whatever record was made before the Board of Township Supervisors was never made part of the appellate record." After a review of the record, we are of the opinion that the trial court did not abuse its discretion in conducting a de novo hearing pursuant to Section 754(a) of the Law.[4]

The Board next contends that the trial court erred in modifying the original penalty imposed, citing *Eppolito v. Bristol Borough,* 19 Pa. Commonwealth Ct.

[3] Section 754(b) of the Law provides that:

(b) Complete record.—In the event a full and complete record of the proceedings before the local agency was made, the court shall hear the appeal without a jury on the record certified by the agency. After hearing the court shall affirm the adjudication unless it shall find that the adjudication is in violation of the constitutional rights of the appellant, or is not in accordance with law, or that the provisions of Subchapter B of Chapter 5 (relating to practice and procedure of local agencies) have been violated in the proceedings before the agency, or that any finding of fact made by the agency and necessary to support its adjudication is not supported by substantial evidence. If the adjudication is not affirmed, the court may enter any order authorized by 42 Pa. C. S. §706 (relating to disposition of appeals).

[4] Section 754(a) of the Law provides:

(a) Incomplete record.—In the event a full and complete record of the proceedings before the local agency was not made, the court may hear the appeal de novo, or may remand the proceedings to the agency for the purpose of making a full and complete record or for further disposition in accordance with the order of the court.

99, 339 A.2d 653 (1975).[5] In *Eppolito,* we held that when there is substantial evidence to support the charges and the Borough did not abuse its discretion in ordering a dismissal, it would be error for the trial court to modify the penalty. Because we specifically limited *Eppolito* to its own peculiar facts,[6] we do not view *Eppolito* as controlling.

In exercising our scope of review, we look to whether the trial court abused its discretion in modifying the penalty. "An officer's past record, the effects of his conduct on the morale of the police force and on the citizenry's respect for the force are all relevant factors in deciding the severity of the penalty." *In Re: Appeal of Redo,* 42 Pa. Commonwealth Ct. 468, 477, 401 A.2d 394, 398 (1979). Here, the trial court made specific findings relating to each of these considerations.[7] As in *Redo,* we cannot say that the trial court abused its discretion in modifying the Board's suspension. The decision of the trial court is, therefore, affirmed.

---

[5] In *Eppolito,* the charges were brought in accordance with Section 1190 of the Borough Code (Code), Act of February 1, 1966, P.L. (1965), 1656, *as amended,* 63 P.S. §46190. In *Skrzysowski v. Attardo,* 63 Pa. Commonwealth Ct. 636, 438 A.2d 1031 (1982), this Court held that our scope of review under the Act is the same as our scope of review under the Code.

[6] The officer involved in *Eppolito* had placed a stolen license plate on his car; the car to which Eppolito had affixed the license plate had been brought into the state without payment of sales tax and title charges; and the car did not have a valid Pennsylvania inspection and certificate of title or registration. We stated that "[u]nder the circumstances of this case, this was not an abuse of discretion to decide they did not want to have as a police officer a man who had acted as Eppolito had." 19 Pa. Commonwealth Ct. at 104, 339 A.2d at 656.

[7] The trial court found that Appellee had no prior record; that he had enrolled in and successfully completed the ARD program; that the misdemeanor was committed while Appellee was off duty and under circumstances whereby the Department's reputation was not

ORDER

The order of the Court of Common Pleas of Bucks County at No. 83-04579-05-6, dated March 15, 1984, is affirmed.

---

harmed; and that he was entirely cooperative in all proceedings. The court also considered testimony from the Chief of Police, who testified that in his opinion, a six month suspension would be appropriate. It is clear that the trial court's decision was a proper exercise of its scope of review: to decide whether there was substantial evidence to support the charges and whether the Board abused its discretion. *Compare Hodgins v. Civil Service Commission*, 57 Pa. Commonwealth Ct. 474, 426 A.2d 1229 (1981) (trial court properly left standing the penalty imposed).