[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
This is an action in three counts to recover for services performed in the nature of construction work at defendant's home in West Hartford.
In count one of its amended complaint, the plaintiff sues for $32,048.27 allegedly due under oral and written agreements. The plaintiff alleges that it was hired by the defendants to "act as construction manager or the construction of alterations and improvements at the defendants' residence and . . . James Ofstein would act as the general contractor." In count two, the plaintiff alleges that the defendants have been unjustly enriched for the above sum. Count three alleges a violation of the Connecticut Unfair Trade Practices Act ("CUTPA").
The pleadings have been closed and the defendants now move for summary judgment on the grounds that the underlying contract void and unenforceable both under Conn. Gen. Stat. 20-41 et seq. (the Home Improvement Act) and Conn. Gen. Stat. 42-134a et seq. (the Home Solicitation Sales Act). Both parties have submitted supporting affidavits and memoranda of law.
 I
"Summary judgment is a method of resolving litigation when pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Wilson v. New Haven, 213 Conn. 277, 279, 567 A.2d 829 (1989). "[T]he court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v. Borkowski, 206 Conn. 495, 500, 438 A.2d 1031 (1988).
In support of summary judgment, the defendants argue that the work performed by the plaintiff falls within the scope of either the Home Improvement Act (HIA) or the Home Solicitation Sales Act (HSSA). The defendants assert that the agreement between the parties was not in writing and written notices were not provided to the defendants as required by either of the two CT Page 10621 acts; therefore, the agreement is unenforceable and that the plaintiff cannot be paid under any theory of recovery.
The plaintiff argues that factual questions exist regarding whether the work performed by it is covered by either act.
 II 20-29(a) of the Home Improvement Act, General Statutes20-418 et seq. (HIA), provides that "[n]o home improvement contract shall be valid or enforceable against an owner unless it: (1) Is in writing." The HIA defines a home improvement to include "the repair, replacement, remodeling, alteration, conversion, modernization, improvement, rehabilitation or sandblasting of, or addition to any land or building or that portion thereof which is used or designed to be used as a private resident or dwelling place." 20-419(4).
The HIA excludes from its coverage "any work performed by the owner on his own premises." 20-419(4)(e). Under the HIA, "`owner' means a person who owns or resides in a private residence and includes any agent thereof." 20-419(6).
In its amended complaint, the plaintiff alleges that "under the terms of the agreement it would be compensated for its construction management services." The plaintiff's president, James Carroll, attests that he and defendant James Ofstein agreed that James Carroll would act as construction manager subject to James Ofstein's supervision and that the defendant James Ofstein "retained subcontractors and actively participated in the supervision of the contractors."
The defendants deny that James Ofstein acted as the general contractor and allege in their first special defense that the plaintiff was hired "to construct alterations and improvements."
It is clear that material facts are in dispute regarding the acts actually performed by each of the parties, making it impossible to determine whether the HIA applies to the underlying agreement, in the absence of further evidence.
 III
The Home Solicitation Sales Act, General Statutes 42-134
et seq. ("HSSA"), requires that contracts for the sale, lease or rental of consumer goods or services which are solicited by the seller somewhere other than the seller's place or business, be in writing and include certain notices. 42-134a. A sale made in violation of the HSSA is voidable by the buyer, subjects the seller to a $500 penalty, and constitutes an unfair trade CT Page 10622 practice under CUTPA. 42-141. Additionally, a contract within the HIA is automatically subject to the HSSA regardless of where the contract was solicited or signed. 20-429(e).
Because factual questions exist as to the applicability of the HIA, no determination can be made as to whether the HSSA applies automatically under 20-429(e).
In claiming that HSSA otherwise applies, the defendants argue that the parties entered into the subject contract "at a place other than Carroll Construction Company's place of business." The defendant Eleanor Ofstein attests that the contract was executed at her residence. The defendant James Ofstein attests that his wife and the plaintiff did not execute the contract at the plaintiff's place of business, which is claimed to be in a residential-use-only zone. He submits a West Hartford zoning map in support of his statement.
The president of the plaintiff attests that defendant James Ofstein went to the plaintiff's business office and solicited the plaintiff's construction services.
From the above, it is apparent that the facts are in dispute as to who solicited whom and where the solicitation occurred.
Since there is a material question of fact as to the claimed applicability of both HIA and HSSA, defendant's motion for summary judgement predicated on each of these statutes is denied. Defendant's motion or summary judgment as to count 3 of the complaint is granted by stipulation.
WAGNER, J.